(110 So. 181)

No. 27901.

CONAWAY v. MARINE OIL CO., Limited.

In re CONAWAY.

(Oct. 5, 1926. Rehearing Denied Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

Master and servant &—373—Accidental shooting of gasoline station employee by fellow employee held not compensable as accident "arising out of and in course of employment" (Employers' Liability Act, § 1, par. 2, and section 2, as re-enacted by Act No. 38 of 1918).

Accidental shooting of foreman at gasoline station, by fellow employee, *held* not compensable as an accident "arising out of and in course of employment," under Employers' Liability Act (Act No. 20 of 1914), § 1, par. 2, and section 2, as re-enacted by Act No. 38 of 1918.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

Certiorari to Court of Appeal, Parish of Orleans.

Action by John Conaway and another, individually, etc., against the Marine Oil Company, Limited. The decree of the trial court sustaining defendant's exception of no cause of action was affirmed by the Court of Appeal, and plaintiffs apply for certiorari or writ of review. Affirmed.

Rehearing denied; LAND and ST. PAUL, JJ., dissenting.

Harold A. Moise, of New Orleans, for applicants.

Spearing, Miller & Mabry, of New Orleans, for respondent.

OVERTON, J. Defendant operates a gasoline station in the city of New Orleans, and it greases and oils automobiles, and trucks. For the latter purpose, it has erected racks to better enable those of its employees, whose duty it is, to grease and oil motor vehicles for its patrons. August Conaway, the son of the plaintiffs herein, was foreman of the racks. It was his duty to attend to the greasing and oiling of automobiles and trucks, to restore their minor parts which had become defective, to fill their tanks with gasoline, and to supply their tires with air. On August 24, 1924, while Conaway was engaged in supplying the tires of an automobile with air, a pistol in the hands of one of defendant's employees was accidentally discharged, the bullet therefrom striking and killing Conaway.

This suit is one instituted by Conaway's parents to recover compensation from defendant for the death of their son, under the Employers' Liability Act, Act No. 20 of 1914, as amended. The petition sets forth substantially the foregoing facts, among others, not necessary to mention here.

In the trial court, defendant filed an exception of no cause of action, which, after hearing had, was sustained. On appeal the Court of Appeal affirmed the decree sustaining the

exception. A writ of review was applied for and granted, and it is upon this writ that the case comes before us.

One of the grounds of the exception is that, under the facts alleged, the accident was one not growing out of the employment, and it was upon this ground that the Court of Appeal affirmed the decree of the trial court.

Section 1, paragraph 2, of the Employers' Liability Act, provides that the act shall apply to "every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations," which the act designates or describes. The act contemplates that the injuries for which recovery may be had are those arising "out of and in the course of" the employment. Section 2 of Act 20 of 1914, as re-enacted by Act 38 of 1918; Myers v. Louisiana Ry. & Nav. Co., 140 La. 937, 74 So. 256; Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677.

In Re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, in determining when an injury is received "in the course of" and when it "arises out of" the employment, it was said, as observed by the Court of Appeal, in deciding this case, that:

"It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but, after the event, it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In Myers v. Louisiana Ry. & Nav. Co., supra, it was said, in effect, that one of the material factors in determining whether an injury to a workman arises out of his employment is whether "the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment." To the same effect are the cases of Dyer v. Rapides Lumber Co., supra, and Ferguson v. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248.

As observed by the Court of Appeal:

"In the case at bar, Conaway was shot in the course of his employment by a careless fellow servant. There is no causal relation between the source of his injury and the character of his employment. Conaway's employment did not expose him to the danger of accidental shooting, nor is there any allegation that the revolver from which the shot was fired belonged to Conaway's employer and was kept on the premises for protection and possible use in defense of defendant's property. We cannot say that there was any feature of Conaway's employment which was a contributing or proximate cause of his injury. It was no more to be expected that Conaway would be shot while at work in the manner alleged, and by a careless fellow servant, than that he should be similarly injured at home by a member of his family. It happened that he was shot while at work. He was no more exposed to such injury while at work than otherwise and elsewhere. That it should happen was providential. * * * *"

Finding no error in the judgment under review, it is affirmed.

LAND and ST. PAUL, JJ., dissent on refusal to grant a rehearing.