No. 646

First Circuit

BROWN v. VACUUM OIL CO.

(June 9, 1930. Opinion and Decree.)
(June 30, 1930. Rehearing Refused.)
(August 7, 1930. Writs of Certiorari and Review Granted by Supreme Court.)
(December 1, 1930. Judgment of Court of Appeal Reversed by Supreme Court.)

C. V. Pattison and E. F. Gayle, of Lake Charles, attorneys for plaintiff, appellant.

Pujo, Bell & Hardin, of Lake Charles, attorneys for defendant, appellee.

LeBLANC, J. This is a suit for compensation, brought under the provisions of the Employers' Liability Act (Act No. 20 of 1914, as amended).

The plaintiff alleges that he was injured on August 5, 1929, while in the performance of his duties as a helper on one of the defendant's oil· rigs in the Lockport oil field in Calcasieu parish.

He described the accident which caused his injury, substantially, in the following manner: That while engaged in his duty of cleaning the floor of the oil derrick with a water hose, another employee by the name of Hasha leaped on him in an attempt to take the hose away from him, and in the tussle between them he slipped and fell to the floor, Hasha falling at the same time on his left leg and injuring it. He avers that he had done nothing to provoke this sudden attack on him. He claims that his left leg and knee are permanently injured as a result of the accident, that he is unable to continue to do work of the character he was engaged in, and therefore is entitled to the compensation which the law provides in cases such as this.

The defendant denies that plaintiff's injury arose in the manner as set out by him, but avers on the contrary, that the scuffle in which he was hurt was provoked by him after he had used the water hose to throw water on his co-worker, Hasha, a habit he had been indulging in, against the rules and orders of his employers and over the protest of his fellow employees. It is specially averred that the nature of his employment did not make it necessary for him to use the hose in the manner he was using it at the time, and that he was not at that moment performing any service arising out of, or incidental to, his employment.

There was judgment in the lower court rejecting the plaintiff's demand, and he has appealed.

Plaintiff, from his testimony, would want to have it appear that if Hasha was drenched with water from the hose, it was purely accidental, but our consideration of the evidence convinces us that it was not. He seemed to have made it a habit of engaging in the boyish prank of splashing his fellow workers on the derrick with this water hose. On the night he was injured he had twice before sprayed the one he had provoked into this scuffle which resulted in the accident. The night was rather cold, according to the testimony, and it must have been irritating to Hasha to have to remain in wet clothes especially as he had to work on top of the derrick. After the second wetting, he remonstrated with plaintiff and told him that if it occurred again, he would drown him. To this remark, the plaintiff jocularly answered that he had often been in deep water, but had not been drowned yet. His conduct in general and his attitude on this occasion would indicate a deliberate intention on his part to have some fun in this way at the other man's expense, and that he was ready to meet the consequences. His splashing of Hasha for the third time that night was an implied challenge to the lat-

ter to carry out the threat he had made, and prompted the scuffle which resulted in the injury he claims to have received.

Under this state of facts, can it be said that the accident, which was the cause of his injury, arose out of, or was incidental to, his employment? We think not.

To bring an accident and its resulting injury within the terms of the Employers' Liability Act, there must be some causal relation or connection between the source of the injury and the character of the employment. Conaway v. Marine Oil Co., 162 La. 147, 110 So. 181.

The nature of plaintiff's employment required that he use the water hose for the purpose of washing off the water and mud from the floor of the oil derrick and the machinery on and around the derrick, and, any other use of it, especially for indulging in a bit of "horseplay" by wetting his fellow workers, was an act which not only did not arise out of his employment, but was entirely foreign to it. Besides, the source of his injury was the tussle between himself and his fellow worker, which can hardly be said to bear any relation to the character of his employment. The water hose itself may have been the object which led to the encounter, but it was not the instrumentality which caused the accident, and it is in this respect, it may be said that the case differs materially from that of Schexneider v. American Tank Car Corporation, 5 La. App. 84, which is relied on by the plaintiff. In that case, an employee was killed through the accidental discharge of a pistol in the hands of a fellow worker who was a night watchman. The Court of Appeal for Orleans parish allowed compensation on the theory that "the revolver, from which the shot was accidentally discharged was a part of the watchman's equipment and es-

sential to his employment as a means of protecting his employer's property"—and it made the further pertinent observation that the case differed from "the cases cited from other jurisdictions where the injury resulted entirely from the pranks of employees without reference to any instrumentality of the employer's business."

One of the principles on which the humane legislation embodied in workmen's compensation laws is grounded, is that the employer who engages people in hazardous occupations assumes the risk of the dangers incident thereto. This does not relate to the dangers common to the neighborhood or to everyday life, but to those that are peculiar to the nature and character of the particular kind of employment.

A man using a water hose in washing the muddy floor of an oil derrick is exposed to the danger of slipping and falling thereon and thereby hurting himself. That is a danger incident to the character of work he does. But, when in a spirit of frolic he uses the water hose to splash a fellow worker, who, having already threatened him, engages him in a physical combat, whether friendly or not, he then exposes himself to a danger common to any man in everyday life, and one which the law did not contemplate should be assumed by the employer.

We have kept in mind that the Workmen's Compensation Law (Act No. 20 of 1914, as amended) is one which should be, and usually is, liberally construed in favor of the employee, but we do not feel, under the facts of this case as we view them, that we can extend its provisions so as to grant relief to this plaintiff.

The judgment of the lower court correctly rejected his demand, and it is affirmed.