580 So.2d 493 (1991)
Jenera MUNDY
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, et al.
No. 90-CA-1264.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*494 Philip H. Kennedy, Dept. of Health & Hospitals, Bureau of Legal Services, New Orleans, for appellants.
Julian R. Murray, Jr., Murray, Braden, Gonzalez & Richardson, New Orleans, for appellee.
Before CIACCIO, LOBRANO and WARD, JJ.
CIACCIO, Judge.
This suit arises out of an attack which occurred on the night of November 13, 1986 at Charity Hospital in New Orleans. At approximately 11:20 p.m., plaintiff, Jenera Mundy, a licensed practical nurse employed by Charity Hospital, had entered an elevator on the ground floor of the hospital's east wing in order to go to her work station located on the 11th floor. Two security guards usually stationed by the elevators at night were not present.
At the time, plaintiff was working the 11:15 p.m. to 7:15 a.m. shift in the Nephrology Department. As the elevator door was about to close, an unknown man entered the elevator with plaintiff and pressed the button for the second floor. When the elevator car reached the second floor and the door opened, the man, without warning, brandished a knife, stabbing plaintiff in the neck, chest, back, arms and hands. During the course of the attack, plaintiff attempted to secure help by pressing the emergency button in the elevator but allegedly the alarm did not sound. The elevator door attempted to close several times but each time it would hit either plaintiff's or the assailant's body and automatically re-open. As the assailant tried to stab plaintiff one more time, he lost his balance, stepping back out of the elevator allowing the door to close. Plaintiff rode the elevator to the seventh floor where she found assistance. The doctors in Charity's emergency room treated plaintiff's wounds.
As a result of the attack, plaintiff received worker's compensation benefits in the amount of $6,338.61. Defendant, the Louisiana Department of Health and Human Resources, also paid plaintiff's medical expenses of $3,580.00.
After plaintiff recuperated from her injuries, she returned to work at Charity for a brief period of time. Unable to fulfill her assigned duties due to fear and emotional anxiety as a result of the attack, she resigned from her job, losing her hospitalization and retirement benefits. Plaintiff later went to work as a nurse at a convalescent home earning less than she had at Charity.
Plaintiff filed this tort suit, naming as defendants, the Louisiana Department of Health and Human Resources, Charity Hospital in New Orleans and A.B.C. Insurance Corporation, Charity's unknown insurer. In her petition, plaintiff alleges her injuries were caused by defendant's negligence in A) failing to maintain a reasonably safe environment for the employees, patients and visitors of Charity Hospital; B) failing to provide adequate security in or around the elevators located in the lobby of *495 Charity; and C) failing to maintain alarm buttons in the elevators located at Charity Hospital in working order.
Defendants filed a motion for summary judgment, arguing plaintiff's exclusive remedy was worker's compensation as provided for in LSA-R.S. 23:1031. The trial court denied defendants' motion. After a trial on the merits, the trial judge rendered judgment in favor of plaintiff awarding her $125,000.00 subject to a credit for the amounts paid by defendants in worker's compensation benefits and medical expenses. The trial judge found that plaintiff was not within the course and scope of her employment at the time of the attack, and therefore, not limited to worker's compensation as her exclusive remedy. Defendants appeal.
On appeal, defendants raise three assignments of error. They contend the trial judge erred: 1) in concluding that plaintiff was not within the course and scope of her employment at the time of her injuries, and therefore, not within the exclusive remedy provisions of the Louisiana Worker's Compensation Law, LSA-R.S. 23:1031 and 1032; 2) in finding that Charity Hospital was negligent in the maintenance and operation of its premises; and, 3) in awarding plaintiff $125,000.00 in damages.
In determining the applicability of the Worker's Compensation Act, the following principle must be considered:
"`The liberal Construction of the Workmen's Compensation Act required to accomplish its humane purpose by including all workmen reasonably afforded its protection must equally be applied when an injured person seeks exclusion from the Act in order to seek damages in tort. Spanja vs. Thibodeaux [Thibodaux] Boiler Works [La.App], 2 So.2d 668. Schmolke vs. Krauss Company, Ltd. [La.App.], 217 So.2d 789, at 791. (Emphasis added) See also, Kenner vs. Harenco [Hanreco] [La.App.], 161 So.2d 142, and Pinchera vs. Great Atlantic and Pacific Tea Co. [La.App.], 206 So.2d 793.'"
Fabre v. Travelers Insurance Company, 286 So.2d 459 (La.App. 1st Cir.1973) writ denied, 288 So.2d 646 (La.1974). In applying this principle, every reasonable manner of including plaintiff under the Act must be explored, and if any be found she will be limited to that exclusive remedy. Id. at 462.
In applying the principles of the Worker's Compensation Act, the Supreme Court in Raybol v. Louisiana State University, 520 So.2d 724, 726 (La.1988), expressly stated:
The terms arising out of, and in the course of constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk while the latter brings into the focus the time and place relationship between the risk and the employment. The two requirements cannot, however, be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. As a corollary it follows that whenever the showing with respect to both requirements is relatively weak a denial of compensation is indicated. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973) (citing Malone, Louisiana Workmen's Compensation, Sections 162, 192 (1st ed.))
Judicial experience has taught that these two elements, arising out of and in the course of, should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood simply as closely interwined issues that may usefully illuminate the common sense, practical question of whether the injury bears some significant relationship to the business operation. Lisonbee v. Chicago Mill and Lumber Company, supra, at 9. Malone & Johnson, Workers' Compensation Law and Practice, 13 Civ. Law. Treat. Sections 144, 145 (2d ed. 1980).
An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. (Citations omitted), Reid v. Gamb, Inc., 509 So.2d 995 *496 (La.1987). Further, an employee who has finished the day's work and is preparing to leave, or is in the act of leaving, is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment. The working day embraces these intervals just as it includes reasonable periods for rest, relaxation or the attendance of personal needs. This applies also to the periods prior to the actual beginning of work under similar circumstances. [Emphasis ours], Gorings v. Edwards, 222 So.2d 530 (La. App. 4th Cir.1969) (citing Malone, Louisiana Workmen's Compensation, Sec. 169).
Using these standards, we have little difficulty in finding that plaintiff was injured during the course of her employment. She was injured on her employer's premises at a very brief period of time prior to clocking in although her work shift had, in fact, begun. Both the elements of time and place were present. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982).
With regard to the issue of whether or not the incident arose out of the plaintiff's employment, several important cases must be considered. In Myers v. Louisiana Ry. & Navigation Co., 140 La. 937, 74 So. 256, 259 (La.1917), the Supreme Court stated that in order to satisfy the "arising out of" requirement, "[i]t ought to be sufficient that the nature of the employment was such that the risk from which the injury resulted was greater for the workman than for a person not engaged in the employment ...". Thereafter, in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (La.1932), the Supreme Court established a different test to be used in determining whether or not an accident arose out of employment. The Court in Kern stated:
"In determining, therefore, whether an accident "arose out of" the employment, it is necessary to consider only this: (1) Was the employee then engaged about his employer's business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer's business reasonably require that the employee be at the place of the accident at the time the accident occurred?"
141 So. at 21.
The principles set forth by the Supreme Court in Myers and Kern have been consistently applied by the jurisprudence through the years. See Conaway v. Marine Oil Co., Ltd., 162 La. 147, 110 So. 181 (La.1926); Pickett v. Southern Carbon Co., 7 La.App. 296; Byas v. Hotel Bentley, Inc. 157 La. 1030, 103 So. 303 (La.1924); Williams v. United States Casualty Co., 145 So.2d 592 (La.1962); Jackson v. American Ins. Co., 404 So.2d 218 (La.1981); Palermo v. Reliance Ins. Co., 501 So.2d 333 (La.App. 3rd Cir.1987), writ denied, 503 So.2d 19 (La.1987); Raybol v. Louisiana State University, supra. However, the court in Powell v. Gold Crown Stamp Company, Inc., 204 So.2d 61, 64 specifically stated:
Our review of decisions found in the jurisprudence of this state indicates that the majority of the appellate court decisions, including those of the Supreme Court, have followed the time, place and circumstance doctrine of the Kern case.
Applying the aforementioned precepts to the instant case, we conclude that plaintiff's injuries arose out of her employment at Charity Hospital. At the time of the attack, plaintiff intended to and was about to engage in her employer's business and was not merely pursuing her own business or pleasure. Further, the necessities of the employer's business reasonably required that plaintiff be at the place of the incident at the time that it occurred. Plaintiff's work required her to ride the elevators in the east wing of Charity Hospital at the specific time the attack occurred. By plaintiff's own admission, she always rode the elevators before, during and after her work shift. Had Charity Hospital denied compensation benefits and had plaintiff been forced to file a worker's compensation suit, clearly, under the facts of this case and the liberal interpretation accorded the statute by the courts of this state, plaintiff would have been entitled to worker's compensation.
*497 It is well settled that an appellate court must give great weight to the factual conclusions of the trier of fact and should not disturb these factual findings in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La. 1973). After reviewing the record in this case, we find the trial court's conclusions are clearly wrong and not supported by the evidence.
This case presents no factual disputes or credibility determinations with regard to the manner in which plaintiff was injured. For the reasons previously expressed, we find that the trial court was manifestly erroneous in its conclusion of law as applied to the facts of this case. Because we find the trial court erred in finding that plaintiff's injury did not arise out of or occur in the course and scope of her employment, we pretermit any discussion of whether the evidence was sufficient to support a finding of negligence on the part of Charity Hospital in the operation of its facility.
For the foregoing reasons, the judgment of the trial court in favor of plaintiff and against defendants, the Louisiana Department of Health and Hospitals (formerly the Department of Health and Human Resources) is hereby reversed. Plaintiff's suit is dismissed at her cost.
REVERSED.