LINDSAY, Judge,
dissenting.
I respectfully dissent from the majority opinion which affirms the trial court judgment and follows our prior decision in this case.
I do not agree with the majority opinion that the plaintiff is entitled to workers’ compensation benefits. This court, in its prior opinion and now in the majority opinion, has misconstrued the jurisprudence dealing with entitlement to workers’ compensation benefits. Although the majority has “clarified” our prior opinion regarding the dual requirements that an accident must “arise out of” and be “in the course of” employment, it has failed to apply those requirements by finding that the initial decision is the law of the case. By so doing, the majority opinion perpetuates error made in the original opinion which relied upon jurisprudential authority that has been criticized in some cases and overruled in others. More importantly, in the prior opinion and in the present majority opinion, this court has failed to apply interpretive legislation concerning certain occurrences which are excluded from workers’ compensation coverage.
ENTITLEMENT TO BENEFITS
LSA-R.S. 23:1031(A) provides:
If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by an accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions and to the person or persons hereafter designated. [Emphasis supplied.]
In our previous opinion in this case, and relying upon the reasoning in Raybol v. Louisiana State University, 520 So.2d 724 (La.1988), we ignored the statutory dual requirement that an employee must show that an accident “arose out of” and was “in the course of” his employment. We found that when the employee is injured while clearly in the course of employment, there is no need to determine whether the injury arose out of the employment. We found that in such a case, it is unnecessary to examine whether the circumstances under which the employee worked enhanced the danger of an assault. We also noted that numerous cases provide that an employee, who has finished the day’s work and is preparing to leave, or is in the act of leaving the premises, is entitled to a reasonable period of time while still on the premises, which is regarded as “within the course of” the employment. Carter v. Lanzetta, 193 So.2d 259 (La.1966); LaFleur v. Swallow’s Rice Mills, 532 So.2d 255 (La.App. 3rd Cir. 1988); Gorings v. Edwards, 222 So.2d 530 (La.App. 4th Cir.1969). Based upon this reasoning, we found that the decedent in this case, although in the process of leaving the work premises, was still “in the course of” her employment and there was no need for a showing that her death “arose out of” the employment.
We did not find, as stated by the majority, that the death “arose out of” the employment because the employer’s action made the decedent’s movements more predictable. Nor should we do so. The requirement that an assault “arose out of” the employment is not satisfied simply by *656 employment at a particular place with particular working hours and the resulting predictability of an employee’s movements. An assault of this type is not an employment risk the employer should bear.[1]
Further, the decision in Raybol, supra, was criticized in Johnson, Workers’ Compensation, Developments in the Law, 1987 to 1988, 49 La.L.Rev. 549 (1988). Professor Johnson stated that Raybol, supra, went too far and inadvertently transformed the dual requirement that had long been applied into a single requirement.
In Raybol, supra, an LSU custodial worker was attacked by a jilted lover while the worker was actively engaged in performing her duties. There, the employee was clearly in the course of employment when the act occurred. However, Professor Johnson stated that,
The fact that the victim was squarely in the course of employment does not compel the conclusion that the assault arose out of the employment. Such a showing may counter-balance a weak showing that the assault arose out of the employment, as in Raybol, and thus may justify compensating the injured worker. But to say that a strong showing of course of employment establishes that an injury arises out of employment is another matter entirely, and in fact would reduce the dual requirement in many instances to a single requirement.
In criticizing the reasoning in Raybol, supra, which transformed the dual requirement into a single requirement, Professor Johnson advised, “care should be exercised in the future to make sure that both requirements are kept alive and well; the courts may want and need to use both in future cases.”
As mentioned earlier, Act 454 of 1989 amended LSA-R.S. 23:1031 to add Paragraph D, which provides:
An injury by accident should not be considered as having arisen out of employment and thereby not covered by the provisions of this Chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee’s employment.
In Johnson, Worker’s Compensation, Developments in the Law, 1988-1989, 50 La.L.Rev. 391 (1989), it was noted that this amendment was “aimed” at the decision in Raybol v. Louisiana State University, supra. It appears that the amendment was intended to provide guidance in the interpretation of the statute in situations such as this, and to make it clear that workers’ compensation coverage does not extend to *657 injuries resulting from disputes not arising from or relating to the employment.
South Central Bell argues that this amendment is interpretive legislation and therefore should be applied retroactively to exclude entitlement to workers’ compensation death benefits and funeral expenses in this case. This argument has merit.
LSA-C.C.Art. 6 provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
The jurisprudence provides that the principle of nonretroactivity of existing legislation has three exceptions, i.e., laws that suppress or lessen penalties, laws that are interpretive of existing legislation and laws which the legislature has expressly or impliedly declared to be retroactive. Peppard v. Hilton Hotels Corp., 482 So.2d 639 (La.App. 4th Cir.1986); Ardoin v. Hartford Accident and Indemnity Company, 360 So.2d 1331 (La.1978).
Interpretive legislation is a recognized function of legislatures in systems of codified laws, being considered a correlative of the power to legislate. The legislature is an appropriate agency to clarify the meaning of its own statements. Barron v. State, Department of Public Safety, 397 So.2d 29 (La.App. 2d Cir.1981), writ denied 401 So.2d 1188 (La.1981).
Interpretive legislation does not divest vested rights, because it does not create new rules, but merely establishes the meaning that the interpreted statute had from the time of its enactment. It is the original statute, not the interpretive one, that establishes rights and duties. Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La.1974); Barron v. State, Department of Public Safety, supra.
In a sense, interpretive laws explain and interpret existing laws, or add to them provisions which the lawmakers believe to be salutary. Dripps v. Dripps, 366 So.2d 544 (La.1978).
That portion of Act 454 of 1989 which adds Paragraph D to LSA-R.S. 23:1031 is aimed at interpreting the meaning of the term “arising out of,” in certain situations. According to this provision, injuries resulting from disputes between co-workers or workers and third persons over matters not related to the employment are not covered by workers’ compensation. It also appears that such coverage was never intended under the statute, even as originally written, but rather was a jurisprudential extension of coverage. In the present case, it is undisputed that the decedent was killed by a third party, her estranged husband, and the killing was unrelated to the decedent’s employment by South Central Bell. Because this provision illumines the definition of the phrase “arising out of,” it is interpretive and is therefore retroactive.
Further, the dual requirements of LSA-R.S. 23:1031(A) continue to be the proper analysis, regardless of the discussion contained in Raybol v. Louisiana State University, supra. With no showing of the requirement of “arising out of,” no workers’ compensation benefits are due.
Because the precise behavior contemplated by LSA-R.S. 23:1031(D) is present under the facts of this case, workers’ compensation death benefits and funeral expenses are not payable.
Several other portions of Act 454 of 1989, amending various sections of the Workers’ Compensation Act, have been held to be interpretive and therefore retroactive. Blanson v. State, Department of Public Safety, 571 So.2d 181 (La.App. 4th Cir.1990), writ denied 573 So.2d 1142 (La.1991), held that the portion of Act 454 which amended LSA-R.S. 23:1225(C) was interpretive because it clarified instances in which workers’ compensation benefits would be reduced when other benefits were payable. See also Dupre v. City of New Orleans, 579 So.2d 496 (La.App. 4th Cir. 1991), writ denied 584 So.2d 679 (La.1991). Putzeys v. Schreiber, 576 So.2d 563 (La.App. 4th Cir.1991), writ denied 578 So.2d 932 (La.1991), held that Act 454, amending LSA-R.S. 23:1032, overruled a decision that had previously allowed other types of re *658 covery against employer’s acting in a dual capacity. This was a judicial exception to the exclusive remedy of workers’ compensation under the statute. The court in Put-zeys, supra, found that the amendment was interpretive, making it clear that an employee’s cause of action against an employer is exclusively under the Workers’ Compensation Act, except for intentional torts.
Therefore, in the instant case, because that portion of Act 454 of 1989 adding Paragraph D to LSA-R.S. 23:1031 is interpretive and retroactive, I do not find that workers’ compensation benefits are due in this case.
LAW OF THE CASE
The majority holds that we are bound by our prior decision under the doctrine of “law of the case.” Under the facts presented, I do not find that we are bound by our prior decision. Law of the case refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case. This policy usually applies against those who were parties to a case when the former appellate decision was rendered and thus had their day in court. Among reasons assigned for application of the policy are the avoidance of indefinite relitigation of the same issue, the desirability of consistency of result in the same litigation and the efficiency and the essential fairness to both parties of affording a single opportunity for the argument and decision of the matter at issue. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Walker v. Creech, 509 So.2d 168 (La.App. 1st Cir.1987), writ denied 512 So.2d 464 (La.1987); Board of Levee Commissioners of the Orleans Levee District v. Newport Limited, 578 So.2d 191 (La.App. 4th Cir.1991), writ denied 584 So.2d 681, 683 (La.1991); Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation, 260 La. 325, 256 So.2d 105 (1971).
However, this policy merely expresses the practice of courts generally to refuse to reopen what has been decided; it is not a limit to the court’s power. Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation, supra. Law of the case is merely a practice of court policy and not of inflexible law, so that appellate courts are not absolutely bound thereby, but may exercise a degree of discretion in its application. Brumfield v. Dyson, 418 So.2d 21 (La.App. 1st Cir.1982), writ denied 422 So.2d 162, (La.1982). The principle is merely a discretionary guide and should not be applied where to do so would accomplish an obvious injustice or where the former appellate decision was clearly, palpably or manifestly erroneous. First Federal Savings and Loan of Warner Robins, Georgia v. Disiere, 542 So.2d 11 (La.App. 4th Cir.1989), writ denied 548 So.2d 311 (La.1989); Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation, supra.
Because this court failed to consider the amendment to LSA-R.S. 23:1031 when this case was previously considered on appeal, the prior opinion was erroneous. To apply the law of the case doctrine to preclude reexamination of the issue of entitlement to workers’ compensation death benefits under the circumstances presented here would accomplish an obvious injustice. Application of the doctrine in this case is not warranted.
CONCLUSION
For the reasons stated above, I respectfully dissent from the majority opinion and would deny the claims for workers’ compensation benefits and funeral benefits.

. In our prior decision in this case, we partially relied upon Mundy v. Department of Health and Human Resources, 580 So.2d 493 (La.App. 4th Cir.1991), writ granted 586 So.2d 519 (La.1991). In Mundy, a nurse employed at Charity Hospital in New Orleans was stabbed by an assailant in an elevator while traveling to the floor of the hospital where she was to perform her duties. The plaintiff was a few minutes late arriving for her work shift. The plaintiff sought to recover in tort. The court of appeal held that because the plaintiff was within the course of her employment at the time of the attack, her exclusive remedy was in workers’ compensation. In our prior opinion in the instant case, we relied upon the appellate court decision finding that because the plaintiff in Mundy had arrived for work and was traveling to her work station at the time she was attacked, she was in the course of her employment.
The Louisiana Supreme Court reversed the appellate court decision in Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992). The Louisiana Supreme Court applied the dual requirement analysis of LSA-R.S. 23:1031 and found that the plaintiff’s injury did not arise out of her employment because the risk encountered was no greater for the employee than for any other person not so employed. The court also found that there was no strong "course of employment” showing because the attack occurred before the plaintiff arrived at her work station and before she began performing her duties. The court found that this fact situation was distinguishable from that in Raybol, supra, where the plaintiff was squarely within the course of her employment when she was attacked.
In Mundy, the Louisiana Supreme Court stated, “Generally, an accident that occurs while the employee is going to or returning from work does not occur in the course of the employment." In a footnote, the court observed that if the employee is actually performing services for the employer when the accident occurs when going to or from work, the accident is viewed as occurring in the course of employment because of the employment activity. Therefore, our previous reliance upon the appellate court decision in Mundy was erroneous.