593 So.2d 346 (1992)
Jenera MUNDY
v.
The DEPARTMENT OF HEALTH AND HUMAN RESOURCES, et al.
No. 91-C-1357.
Supreme Court of Louisiana.
January 17, 1992.
Rehearing Denied February 20, 1992.
*348 Julian R. Murray, Murray, Braden, Gonzalez & Richardson, New Orleans, for plaintiff.
Philip H. Kennedy, New Orleans, for respondents.
LEMMON, Justice.
Plaintiff filed this tort action against her employer to recover damages for injuries sustained when she was stabbed by an unknown assailant in an elevator at Charity Hospital in New Orleans en route to report for the evening shift at her work station on the eleventh floor. The issue is whether La.Rev.Stat. 23:1032 restricts plaintiff to worker's compensation benefits as her exclusive remedy against her employer. We hold that under an analysis of the "course of employment" and "arising out of employment" requirements of the Worker's Compensation Act, in light of the facts of this case, the employer failed to carry its burden of proving its entitlement to tort immunity.
Plaintiff had been employed by the Department of Health and Human Resources as a licensed practical nurse for eleven years. At the time of the incident she was working the evening shift in the dialysis department located on the eleventh floor of Charity Hospital. Evening shift employees in that department were expected to report to work at 11:15 p.m. and were considered to be late at 11:20 p.m., although the afternoon shift did not end until 11:30 p.m.
On November 13, 1986, plaintiff arrived at the hospital at approximately 11:17 p.m. and proceeded to the east elevators. She noticed that the two guards usually stationed at those elevators were not present at the time. After plaintiff entered the elevator on her way to work on the eleventh floor, a man jumped into the elevator as the doors closed and pressed the second floor button. When the elevator stopped at the second floor, the man began to leave the elevator, but turned suddenly and attacked plaintiff with a knife. Plaintiff pressed the emergency button on the elevator panel, hoping that the alarm would scare off the assailant or attract assistance. However, the button was not in working order, and the alarm did not sound. The assailant stabbed plaintiff repeatedly while standing in the elevator door before losing his balance and falling backward, allowing the doors to close. Plaintiff then sought assistance on an upper floor.
Plaintiff filed this tort action against her employer based on the employer's negligence in failing to provide adequate security in the hospital and to maintain procedures for the safety of patients, visitors and employees. The trial court rendered judgment in favor of plaintiff in the amount of $125,000, subject to a credit of $6,338.61 for compensation benefits paid by the employer. The judge, accepting plaintiff's testimony completely, found that plaintiff "had not come under the control or supervision of Charity Hospital at the time when the incident occurred." He accordingly ruled that plaintiff was not in the course of her employment at the time of the incident and therefore was not restricted to compensation as her exclusive remedy. The judge further found that plaintiff's employer was negligent in the maintenance and operation of the hospital premises.
The court of appeal reversed. 580 So.2d 493. Reasoning that the beneficial purpose of the compensation remedy requires a claimant to be brought under worker's compensation in any manner reasonably possible, the court concluded that plaintiff was injured during the course of her employment *349 because both elements of time and place were present.[1] The court further reasoned that plaintiff's injury arose out of her employment because the necessities of her employer's business required her to be at the place of the incident at the time it occurred.
This court then granted plaintiff's application for certiorari. 586 So.2d 519.
The employer is responsible for compensation benefits to an employee who is injured by an accident which occurs in the course of the employment and arises out of the employment. La.Rev.Stat. 23:1031. Compensation benefits are the employee's exclusive remedy against his employer for such an injury. La.Rev.Stat. 23:1032. When the employer seeks to avail itself of tort immunity under Section 1032, the employer has the burden of proving entitlement to immunity.
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other places where employment activities take the employee. Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); W. Malone & H. Johnson, 13 Louisiana Civil Law TreatiseWorker's Compensation § 161 (2d ed. 1980). While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer's premises, or to include accidents at places where employment duties are performed off the employer's premises, the principal criteria for determining course of employment are time, place and employment activity.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Myers v. Louisiana Railway and Navigation Co., 140 La. 937, 74 So. 256 (1917). Moreover, an accident has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred, Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). Thus, when the employee is squarely within the course of his employment, virtually any risk (whether an increased risk or not) has been considered as arising out of employment. W. Malone & H. Johnson, supra at § 193.
The principal objective of the "arising out of employment" requirement is to separate accidents attributable to employment risks, which form the basis of the employer's obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible. 1 A. Larson, Workmen's Compensation § 7.00 (1990). The risks which have caused the greatest difficulty are those that have neither a particular employment character nor a particular personal character. Id.
This court has declined to view the "course of employment" and "arising out of employment" requirements as separate and unrelated concepts. Rather, this court has recognized the mutual interdependence of the two concepts in determining the relationship of the injury to the employment. See W. Malone & H. Johnson, supra at § 144; 1 A. Larson, supra at § 29.00, 29.10. In a close case a strong showing of "course of employment" has been held to counterbalance a relatively weak showing of "arising out of employment." See Raybol v. Louisiana State University, 520 So.2d 724 (La.1988) (a custodial employee of a university, assaulted by a jilted lover while performing her regular employment *350 duties during regular working hours in an unoccupied portion of a dormitory, was entitled to compensation because the "course of employment" showing was clear, and the employee was so totally innocent of causing or inviting the attack that the assault could be viewed as perpetrated by a total stranger). When the accident occurs at such a time or place or during such an activity so that the employee is barely within the outer boundary of the "course of employment" inquiry, a very strong showing by the employee that the risk arose out of the employment is necessary to establish the relationship between the injury and the employment necessary for entitlement to compensation. See Robinson v. F. Strauss & Son, Inc., 481 So.2d 592 (La.1986) (denial of compensation affirmed when "course of employment" showing was weak because employee had deviated from employment task to attempt reconciliation with a neighbor who was jealous over the employee's attention to the neighbor's girlfriend, and the neighbor's shooting of the employee provided a weak "arising out of employment" showing).
In the present case the "arising out of employment" inquiry reveals that the risk which gave rise to the injury was not greater for plaintiff than for a person not so employed. Moreover, while the conditions of the employment arguably caused plaintiff to be at the place of the attack at the time the attack occurred, there were other alternative routes for her to reach her work station.[2] Inasmuch as the risk which gave rise to the injury was a neutral risk that was not related either to plaintiff's employment or to her personal life, the "arising out of employment" showing by the employer, while not particularly strong, could be considered sufficient if there was a strong "course of employment" showing.
As to the "course of employment" inquiry, plaintiff was attacked before she arrived at her work station and before she began her employment duties. Although she had entered the building in which her work station was located, she was in the public area of the building open to the public, on an elevator used by patients and visitors as well as employees. She had never performed employment duties on the first or second floor, or on the elevator between those floors, and was not doing so at the time of the assault. She clearly had not yet reached the place where she would be under the supervision and control of her employer. Templet v. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74 (1969). Under the circumstances one could hardly say that there was a strong "course of employment" showing.
The employer contends, however, that the threshold doctrine establishes a more solid showing of "course of employment." Generally, an accident that occurs while the employee is going to or returning from work does not occur in the course of the employment.[3] W. Malone & H. Johnson, supra, at § 168. An exception, known as the threshold doctrine, has been recognized when an accident occurs at a place with an unusually hazardous travel risk which is immediately adjacent to, but not on, the employer's premises. The threshold doctrine generally involves a special risk, attributable to the location of the work premises, that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer's premises than elsewhere. W. Malone & H. Johnson, supra, at § 169; see Templet v. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74 (1969) (compensation denied when the employee was injured in a collision while making a left turn in his vehicle from the highway onto his employer's premises, because the highway risk was not shown to be a peculiar and distinctive one encountered by the employee to a greater extent or frequency than by the general public, *351 and the conditions of travel in the vicinity of the employee's premises were no more dangerous than those prevailing generally along the highway).
The threshold doctrine is not applicable here. Even if the risk which gave rise to the injury could be considered as a defect hazardous to travelers immediately adjacent to the employer's premises, the risk was no more dangerous in the immediate vicinity of the employer's premises than elsewhere along her route of travel to work.
Because the neutral nature of the risk from which the injury arose required a strong showing of "course of employment," and because the evidence relative to time, place and employment activity provided only a relatively weak showing of "course of employment," we conclude the employer failed to meet its burden of proving entitlement to tort immunity.
Accordingly, the judgment of the court of appeal is reversed. The case is remanded to the court of appeal for review of the remaining issues not reached in its original decision.
NOTES
[1] The court noted that plaintiff's work shift, scheduled to commence at 11:15 p.m., had in fact begun at the time of the incident. However, the incident occurred before the time for late arrival, and plaintiff had not yet reached her work station or begun her employment duties.
[2] There were two other banks of elevators, as well as stairs.
[3] If the employee is actually performing services for the employer when an accident occurs while going to or returning from work, the accident is viewed as occurring in the course of employment because of the employment activity.