LCHEHARDY, Judge.
This is a personal injury suit arising out of a traffic accident, in which one of the defendant insurers appeals the trial court’s finding that it provided coverage for this accident. We affirm, as set forth below.
On August 18, 1998 Jeannette Johnson was driving her 1993 Nissan Sentra west on Lapalco Boulevard in Jefferson Parish when her vehicle was rear-ended by a 1990 Ford Econoline van driven by Troy Breaux and owned by Kenneth Shea. The impact pushed Johnson’s car into the vehicle ahead of her. Johnson and her husband filed suit against Breaux, Shea, Allstate Insurance Company as the insurer of Shea’s van, and GEICO General Insurance Company as the Johnsons’ uninsured/un-derinsured motorist (“UM”) insurer.[1] Plaintiffs later added as a defendant Permanent General Assurance Corporation (“PGAC”), Breaux’s automobile liability insurer.
GEICO settled with plaintiffs for its policy limits ($25,000.00 UM liability, $3,000.00 medical payments) and was dismissed.
IsPGAC raised a coverage defense, specifically, an exclusion for business use of a non-owned automobile. PGAC admitted that Troy Breaux was an additional insured under an automobile policy issued to his grandfather, Patrick Arceneaux. PGAC asserted, however, that at the time of the accident Breaux was driving a work van owned by his employer while in the course and scope of his employment and, thus, was not covered under the PGAC policy.
PGAC brought a motion for summary judgment on the coverage defense, which was set for hearing on the trial date, November 8, 1999. The trial court deferred decision on the motion until the end of the trial. At the conclusion of trial, the judge stated that the motion for summary judg *1221 ment was denied on the basis that there was a factual dispute as to business use of the van. After trial the matter was held open for submission of an additional deposition of a medical witness.
On March 9, 2000 the trial court rendered judgment in favor of plaintiffs against Breaux, Allstate and PGAC. The court awarded Jeannette Johnson damages in the amount of $17,734.61 and Steven Johnson $2,500.00 on his loss of consortium claim, plus legal interest and costs.
In written reasons for judgment the trial court found that Breaux was not in the course and scope of his employment because at the time of the accident his workday had ended and he was returning Shea’s van back to Shea’s home, which was also the headquarters for Shea’s business. The court noted that Breaux was employed by Accent Home Improvement, a corporation owned by Shea, and that the van was Shea’s personal vehicle, although it also was used in his work. The court also mentioned that Shea testified that the workday for his employees began upon their arrival at his home in the morning and ended upon completion of the job at the particular job site. From the job site employees were free to go on their own. Shea also testified that Breaux was not being paid for driving the van back to Shea’s home and that driving the van was not part of his | ¿regular duties. Based on the above information, the trial judge concluded that Breaux was not in the course and scope of his employment at the time of the accident.
The court also stated in the reasons for judgment that it found Jeannette Johnson entitled to general damages in the amount of $40,000,000 and special damages in the amount of $5,078.01. The court awarded Allstate and Breaux a credit, however, for the $28,000.00 paid in settlement by GEI-CO. The court found that GEICO was solidarity liable with Breaux, so that GEI-CO’s payment to Breaux exonerated him of liability for that amount. Further, the court pointed out that GEICO had provided an unconditional release of any subro-gation rights. Hence, the amount for which Breaux, Allstate and PGAC were cast in judgment to Jeannette Johnson was reduced by the credit to $17,734.61.
PGAC appealed and plaintiffs cross-appealed.[2]
PGAC asserts the trial court was clearly wrong in finding that Troy Breaux was not in the course and scope of his employment with Kenneth Shea/Aceent Home Improvement at the time of the accident when he was driving the work van back to the business office of his employer from a job site.
The exclusion in the PGAC policy, which is under “Part A — Liability Coverage,” states as follows:
A. We do not provide Liability Coverage for any person
[[Image here]]
7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation.... This exclusion does not apply to the maintenance or use of a:
a. private passenger auto;
b. pickup, or van that is your covered auto; or
c. trailer used with a vehicle described in a or b above.
| sPGAC refers in brief to testimony of Shea and Breaux, not only from trial, but also from discovery depositions offered in support of PGAC’S motion for summary judgment. PGAC cites the following testimony.
In an answer to an interrogatory, Allstate, Shea and Breaux stated that Troy *1222 Breaux was working for Accent Home Improvement at the time of the accident. Shea testified in deposition that it was part of- Breaux’s employment with Accent Home Improvement to drive the work van back to the office from a job site. Breaux testified in deposition that he was driving the work van in connection with his employment with Accent Home Improvement and that he was leaving a job site to bring the work van to Shea’s house, the office of Accent Home Improvement. Shea testified at trial that prior to the date of the accident, Breaux drove the work van in connection with his employment, acknowledged that Breaux was on the clock when he drove the van to a work site, and that Breaux was paid for a full workday on August 18, 1998, the date of the accident. Breaux testified at trial that at times he would go to Shea’s home (the office of Accent Home Improvement) and drive the work van to a job site and would sometimes drive it back to the office. Breaux testified at trial that he understood he was on the job at the time of the accident.
In response plaintiffs make the following arguments: PGAC’s policy exclusion does not apply because the vehicle Breaux was driving at the time of the accident was a private passenger auto. The trial court’s finding that Breaux was not in the course and scope of his employment has a reasonable factual basis. PGAC is precluded from asserting the coverage defense because it failed to timely assert the defense, failed to provide Breaux with separate defense counsel, and failed to obtain a non-waiver of defense agreement from Breaux.[3]
IfiPlaintiffs assert that Breaux was not employed by Kenneth Shea, but by Accent Home Improvement. Shea testified that when a job is finished, employees of Accent Home Improvement are free to go wherever they choose. Accent Home Improvement employees are not paid for their travel to and from work. Breaux was paid by the hour and was not considered “on the clock” once the workday was complete. When Breaux was driving the van back to Shea’s house, the workday had already ended and Breaux was not on the clock. Plaintiffs note that Shea testified at trial that at the time of the accident Breaux was not on the clock with Accent Home Improvements. They point out that no other evidence was presented to contradict this testimony:
Specifically, PGAC did not introduce or request any documents from Accent Home Improvements to show that Troy Breaux was paid for his time to and from work or whether he was on the job at the time of the accident. Also, there is no indication in the record that PGAC subpoenaed or requested or introduced into evidenced any financial records or employee records from Accent Home Improvement to verify or contradict Mr. Shea’s testimony.
An appellate tribunal may reverse a lower court’s factual findings upon review only when the record reflects that a reasonable factual basis does not exist for the finding of the trial court, and the record reflects that the finding is clearly wrong. Brasseaux v. Town of Mamou, 99-1584 (La.1/19/00), 752 So.2d 815, 821. The appellate court is obligated to review the entire record before it and determine whether it contains sufficient evidence from which a rational trier of fact could conclude that the conduct complained of was employment-related. Id.
In general, an accident that occurs while the employee is going to or returning from work does not occur in the course of the employment. Mundy v. Department of Health and Human Resources, 593 So.2d 346, 350 (La.1992). “If *1223 the employee is actually performing services for the employer when an accident occurs while going to or returning from work, the accident is viewed as occurring in the course of employment because of the employment activity.” Mundy, 593 So.2d at 350 n. 3.
17An exception to the rule that employees are not in the course of employment going to and from work is recognized when transportation is furnished as an incident of employment, either through a vehicle, a conveyance and driver, or payment of expenses. Michaleski v. Western Preferred Cas. Co., 472 So.2d 18, 20 (La.1985).
Based on the evidence elicited at trial, the trial judge committed no manifest error in finding that Breaux was not in the course and scope of his employment at the time of the accident. Although he was driving a vehicle owned by the chief executive officer of the company for which he worked, the vehicle was not regularly furnished to him as part of his employment agreement. It was not an incident of his employment agreement. Further, the trial court believed the testimony that Breaux was not paid for driving the vehicle.
The statements indicating the contrary, on which PGAC relies, were made in deposition testimony that was not part of the trial record. Although PGAC presented the deposition testimony as an exhibit to its motion for summary judgment, the trial judge pretermitted ruling on the motion for summary judgment until after the trial concluded. Because the purpose of summary judgment is to avoid trial, the deferment of decision on the motion made it moot. The trial judge decided the legal issue of coverage based on the facts adduced at trial.
Although PGAC could use some of the conflicting deposition testimony, in a limited way, to impeach the trial testimony of Shea and Breaux, the impeachment did not affect the trial judge’s conclusion as to course and scope. His decision as to which facts to believe was within his broad power to make credibility determinations and was not clearly wrong.
The depositions were otherwise made part of the trial record; therefore, the statements made in those depositions are not evidence that can be considered on appeal.
|sWe find there was a reasonable factual basis for the trial court’s conclusion that Troy Breaux was not in the course and scope of his employment at the time of the accident here and, further, there is no manifest error in that conclusion.
Considering our conclusion on that issue, it is not necessary to discuss the issues raised by plaintiff as to whether the van was a “private passenger car” and whether PGAC waived its right to raise the coverage defense.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against Permanent General Assurance Corporation.

AFFIRMED.

. In the original petition plaintiffs erroneously referred to GEICO General Insurance as Government Employees Insurance Company, but corrected the error by supplemental and amending petition.

. Allstale and Breaux also appealed, but they failed to file a brief in this Court and, therefore, have abandoned their appeal.

. Although plaintiffs cross-appealed, their brief does not specifically inform us of the subject of their appeal. It responds to the issues raised by PGAC and raises the additional legal issue concerning whether PGAC waived its coverage defense. We treat the latter point as the issue of the cross-appeal.