h NORRIS, C.J.,
dissents.
I respectfully dissent from the majority opinion.
The majority relies on Mundy v. Department of HHR, 593 So.2d 346 (La.1992), to resolve this fact-intensive issue. I note that no party to this litigation relied on or argued Mundy to the trial court or to this court. To my knowledge, it was not cited in any brief. I do not believe Mundy mandates summary judgment or that the “threshold doctrine” mentioned in the opinion governs this case.
The plaintiff in Mundy, supra, was a nurse employed at Charity Hospital in New Orleans. She was two minutes late for work when she entered an elevator in the hospital to reach her station on the 11th floor. After entering the elevator, she was attacked and stabbed repeatedly by a stranger. The trial court found plaintiff was not in the course of her employment at the time of the attack because she had “not come under the control and supervision” of the hospital at the “time when the incident occurred.” The court of appeal reversed, concluding that plaintiff was in the course of her employment because her shift had begun and she was actually on the employer’s premises. The appellate court further found that plaintiffs injuries arose out of her employment because the necessities of her employer’s business required her to be at the place of the incident at the time it occurred. Mundy v. Department of HHR, 580 So.2d 493 (La.App. 4 Cir.1991).
The Supreme Court reversed, explaining:
The employer is responsible for compensation benefits to an employee who is injured by an accident which occurs in the | ^course of the employment and arises out of the employment. La.Rev. Stat. 23:1031. * * *
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at other places where employment activities take the employee. * * * While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer’s premises, are to include accidents at places where employment duties are performed off the employer’s premises, the principal criteria for determining course of employment are time, place and employment activity.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Myers v. Louisiana Railway and Navigation Co., 140 La. 937, 74 So. 256 (1917). * * *
The principal objective of the “arising out of employment” requirement is to separate accidents attributable to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible. (Citations omitted; emphasis in original.)
The court concluded that the “threshold doctrine” was not applicable to the case, the risk on the elevator adjacent to the hospital was no greater for an employee than for a member of the general public. Because the “arising out of’ element was neutral, and the “course of employment” *301 element was weak, the court found no tort immunity.
The concepts discussed in Mundy are related and interdependent. In a close case a strong showing of “course of employment” has been held to counter balance a relatively weak showing of “arising out of employment.” See Raybol v. Louisiana State Univ., 520 So.2d 724 (La.1988).
In the instant case the “course of employment” factor is weak. Boyte was neither injured on the job site nor actually performing employment activities at the time of the accident. Furthermore, the facts indicate he was not traveling to another job site and was not, at the time of the accident, under the supervision and control of his employer.
Obviously, the majority seeks to outweigh the weak “course of employment” factor with a strong “arising out of employment” finding. The Mundy analysis does not mandate summary judgment on this point. While the job arguably caused plaintiff to be on the interstate, there were perhaps other routes available, other modes of transportation available, and neither plaintiff nor Mr. Brakefield was obligated to drive home at that particular time after working all night. Furthermore, it certainly can be argued that plaintiff was on a public interstate highway that was used by all travelers and the risk of travel for plaintiff was no greater than that of the ordinary motoring public.
In sum, the Mundy analysis requires the court to weigh the factual criteria of “in the course of’ and “arising out of the employment.” This can only be properly and effectively done after all the evidence is considered in the light of the Mundy analysis.
The majority concedes that at the time of the accident, Boyte was traveling on his way home from work and was not being paid traveling expenses. However, the trial court found that Boyte was being paid his regular wages by the employer at the time of the accident, thus bringing the Linstant matter under the rationale of Scott v. Smith, 30,330 (La.App. 2 Cir. 4/8/98), 714 So.2d 7. In my review of this record, this material fact is still in dispute.
I believe the better rule to apply to the instant case is that the determination of whether an employee’s acts fall under R.S. 23:1032, like whether an employee’s conduct was within the course and scope of his employment, is normally fact-intensive and not suitable for summary judgment. Orgeron v. McDonald, 93-1353 (La. 7/5/94), 639 So.2d 224; Ligeikis v. State Farm, 31,954 (La.App. 2 Cir. 10/27/99), 745 So.2d 806, writ denied 99-3335 (La.1/28/00), 753 So.2d 839. I would reverse and remand.