United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-30927
Summary Calendar

---

LOUISIANA CASINO CRUISES, INC., d.b.a. CASINO ROUGE UNDERWRITERS
INSURANCE CO.; AFG MAT; CERTAIN UNDERWRITERS AT LLOYDS; OSPREY
UNDERWRITING AGENCY LTD,

                                        Plaintiffs - Appellants,

versus

LIBERTY MUTUAL FIRE INSURANCE CO.,

                                        Defendant - Appellee.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-937-D-M3
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Louisiana Casino Cruises, Inc. ("LCCI") appeals the district court's order granting summary judgment in favor of Liberty Mutual Fire Insurance Company ("Liberty"). Liberty's insurance policy excluded coverage for injuries arising out of and in the course of employment. The district ordered summary judgment because it found that the employee's injury at issue arose out of and in the course of her employment. We AFFIRM.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The facts are undisputed. Dorothy Surratt was an employee of LCCI on February 9, 1998. LCCI is the owner of a gaming ship that operates on the Mississippi River in Baton Rouge, Louisiana. While attempting to leave work, Ms. Surratt was attacked in the employees' parking lot and raped in her car. An LCCI policy required Ms. Surratt to park in the employees' parking lot owned by LCCI. The distance from the employees' lot to the casino is about 400 yards.

Ms. Sarratt sued LCCI and won a judgment. LCCI and its P&I insurers eventually settled with Ms. Surratt and then demanded contribution from Liberty based on its Commercial General Liability Policy. Liberty's CGL policy excluded injuries to employees that arise out of and occur in the course of employment. Based on this exclusion, the district court granted Liberty's motion for summary judgment.

The question is whether Ms. Surratt's injury "arose out of" and occurred "in the course of" her employment. The district court's subject matter jurisdiction was based on diversity, and Louisiana law applies. Our review of the summary judgment is de novo.[1]

---

[1] *In re Endeavor Marine Inc.*, 234 F.3d 287, 290 (5th Cir. 2000).

In Louisiana, an injury occurs in the course of one's employment when "the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other places where employment activities take the employee."[2] Although the category has been extended to include "accidents during times for rest or lunch periods or before and after work on the employer's premises . . . , the principal criteria for determining course of employment are time, place and employment activity."[3]

To determine whether an injury arises out of employment, a court "focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment."[4] The objective of the "arising out of" analysis is to "separate accidents attributable to employment risks, which form the basis of the employer's obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible."[5] The Louisiana Supreme Court has noted various situations where an injury arises out of employment.

---

[2] *Mundy v. Dep't of Health and Human Res.*, 593 So.2d 346, 349 (La. 1992).

[3] *Id.*

[4] *Id.*

[5] *Id.*

> An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Moreover, an accident has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred. Thus, when the employee is squarely within the course of his employment, virtually any risk (whether an increased risk or not) has been considered as arising out of employment.[6]

The inquiry, of course, is fact-intensive.

The "in the course of" and "arising out of" requirements are interdependent.[7] "In a close case a strong showing of 'course of employment' has been held to counterbalance a relatively weak showing of 'arising out of employment.'"[8] And when there is a weak showing of "course of employment," "a very strong showing by the employee that the risk arose out of the employment is necessary to establish the relationship between the injury and the employment."[9]

Both parties rely on *Mundy,* the Louisiana Supreme Court case explaining these principles. In *Mundy*, a nurse was attacked before work while riding the hospital's elevators to her floor.[10] Louisiana law entitled the employer to tort immunity if it showed

---

[6] *Id.* (internal citations omitted).

[7] *Id.*

[8] *Id.*

[9] *Id.* at 350.

[10] *Id.* at 348.

the injury occurred in the course of and arose out of employment.[11] The court reasoned that the risk of attack in a public elevator was no greater to the nurse than it was to the general public, and although "the conditions of the employment arguably caused plaintiff to be at the place of the attack at the time the attack occurred, *there were other alternative routes for her to reach her work station*."[12] Based on these considerations, the court found only a weak "arising out of" showing, which required a strong "course of employment" showing for the employer to prevail. However, the court found a weak "course of employment" showing because the nurse was attacked before her employment duties began, she was in a public area, and she was not under the supervision and control of the employer.[13] Weighing these considerations, the court found the employer was not entitled to immunity because the nurse's injury did not occur in the course of and arise out of her employment.[14]

## III

LCCI asserts that *Mundy* is dispositive. LCCI reads *Mundy* as holding that when an injury occurs before or after work, it arises out of one's employment only if the risk of injury was greater to

---

[11] *Id*. at 349.

[12] *Id*. at 350 (emphasis added).

[13] *Id*.

[14] *Id*. at 351.

5

the employee than to the general public. But *Mundy* is not so limited. The court also noted that an injury may arise out of employment if the conditions of employment caused the employee in the course of her employment to be at the place of the accident when it occurred.[15] Nonetheless, LCCI contends that *Mundy* is indistinguishable because both the nurse and Ms. Surratt were at the location of attack because of their employment, off the clock, not performing an employment activity, and not under the supervision or control of their employers. Based on these similarities, LCCI asserts that Ms. Surratt's injury, like that of the nurse, did not arise out of and occur in the course of her employment.

LCCI's assertions do not account for material factual distinctions between *Mundy* and this case. The nurse in *Mundy* was not required as a condition of employment to take the elevator in which she was attacked. Here, however, Ms. Surratt was required to park in the employees' parking lot. This requirement was for the benefit of LCCI, leaving the closer spaces for LCCI's patrons. LCCI's parking policy left Ms. Surratt no choice but to park in the employees' lot and traverse the 400 yards between her car and the casino. Furthermore, LCCI's assertion that Ms. Surratt was not performing an employment activity and was not under the control and supervision of her employer is incorrect; a condition of her

---

[15] *Id.* at 349.

employment was that she park in the employees' lot. Despite being off the clock, Ms. Surratt's compliance with the parking policy constitutes an employment activity and effectively places her under the control of her employer. Therefore, *Mundy* is factually distinguishable from the case at hand.

The district court did not err in finding that Ms. Surratt's injury arose out of and occurred in the course of her employment. The injury occurred (1) immediately after her shift ended, (2) on LCCI's property, and (3) at a location where the employee was required to be as a condition of employment. These facts satisfy the time, place, and employment activity requirements under Louisiana law and constitute an injury "in the course of" employment. The injury arose out of her employment because "the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred."[16]

Even if LCCI is correct in asserting that Liberty must show that the risk of injury was greater to the employee than the general public, Liberty has met the burden. LCCI's employee parking policy placed Ms. Surratt at a greater risk than the general public because it required her to routinely walk a greater distance to the casino than the general public. Although the general public had the option to park in the employees' lot, it was

---

[16] *Id*. at 349.

not a requirement. Finally, the fact that the injury resulted from a random criminal attack does not require reversal; the risk of such an attack was greater for Ms. Surratt because of the parking policy. The policy made Ms. Surratt's 400-yard walk to and from the casino routine and predictable, allowing a would-be attacker to better plan and execute an attack. Because the greater risk of attack resulted from a condition of employment, the principal objective of the "arising out of" requirement is satisfied – "to separate accidents attributable to employment risks . . . from accidents attributable to personal risks, for which the employer should normally not be responsible."[17]

Although the employment activity, coming after hours, may not be squarely within her course of employment, its interrelation with the arising out of showing compels us to find that the injury arose out of and occurred in the course of Ms. Surratt's employment. Liberty's insurance clearly excludes injuries that arise out of and occur in the course of employment.

IV

For the foregoing reasons, we AFFIRM the district court's summary judgment.

---

[17] *Id.*