STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1107

CINDI BABINEAUX

VERSUS

PNK (LAKE CHARLES), L.L.C. D/B/A
L'AUBERGE DU LAC HOTEL & CASINO, ET AL.


************


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-3709, DIVISION "B"
HONORABLE RICK BRYANT, DISTRICT COURT JUDGE


************


JAMES T. GENOVESE
JUDGE


************


Court composed of Marc T. Amy, Billy H. Ezell, and James T. Genovese, Judges.


**REVERSED AND REMANDED.**

Russell J. Stutes, Jr.
P. Jody Lavergne
Stutes & Lavergne, LLC
713 Kirby Street
Post Office Box 1644
Lake Charles, Louisiana 70602-1644
(337) 433-0022
COUNSEL FOR PLAINTIFF/APPELLANT:
        Cindi Babineaux

Thomas J. Solari
Lance B. Vinson
Woodley, Williams Law Firm L.L.C.
One Lakeshore Drive, Suite 1750
Lake Charles, Louisiana 70629
(337) 433-6328
COUNSEL FOR DEFENDANTS/APPELLEES:
        PNK (Lake Charles), L.L.C. d/b/a
        L'Auberge du Lac Hotel & Casino and
        Ed Duplechin

**GENOVESE, Judge.**

Plaintiff, Cindi Babineaux, appeals the trial court's grant of a Motion for Summary Judgment filed by the Defendants, PNK (Lake Charles), L.L.C. d/b/a L'Auberge du Lac Hotel and Casino and Ed Duplechin, ruling that the Defendants were immune from tort liability pursuant to the exclusive remedy provisions of La.R.S. 23:1032.[1] For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

When the accident at issue herein occurred, Ms. Babineaux was employed as

---

[1]Louisiana Revised Statutes 23:1032 provides:

A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

C. The immunity from civil liability provided by this Section shall not extend to:

(1) Any officer, director, stockholder, partner, or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and

(2) To the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.

1

a cocktail waitress at L'Auberge du Lac Casino (hereinafter referred to as "L'Auberge") in Lake Charles, Louisiana. At approximately 4:20 p.m. on July 2, 2006, Ms. Babineaux arrived for work at L'Auberge. She customarily had a pre-shift meeting at 4:45 p.m., and her shift was scheduled to begin at 5:30 p.m. As Ms. Babineaux was walking from her car through the casino's outside parking lot, she was struck by a L'Auberge limousine being driven by L'Auberge's employee, Ed Duplechin.

On June 27, 2007, Ms. Babineaux filed suit against PNK, d/b/a L'Auberge, and Mr. Duplechin, seeking compensation for her personal injuries. PNK and Mr. Duplechin answered Ms. Babineaux's petition, asserting the affirmative defense of tort immunity pursuant to La.R.S. 23:1032.

On April 4, 2008, PNK and Mr. Duplechin filed a Motion for Summary Judgment, asserting that there is no dispute as to any material fact and that PNK and Mr. Duplechin are entitled to judgment against Ms. Babineaux dismissing her tort claim as a matter of law on the basis that at the time of the accident, Ms. Babineaux was in the course and scope of her employment with L'Auberge; therefore, PNK and Mr. Duplechin are immune from tort liability. Relying upon *Bosse v. Westinghouse Electric, Inc.*, 93-1898 (La.App. 4 Cir. 5/17/94), 637 So.2d 1157, *writ denied*, 94-1623 (La. 9/30/94), 642 So.2d 878, and this court's decision in *Francisco v. Harris Management Co.*, 94-136 (La.App. 3 Cir. 10/5/94), 643 So.2d 386, the trial court ruled that "Ms. Babineaux's heightened exposure to the limousine lot, which was immediately adjacent to the designated employees' parking lot from which she was walking when she was hit, was solely [due] to her employment" and granted summary judgment in favor of PNK and Mr. Duplechin. Ms. Babineaux appeals.

2

**ASSIGNMENT OF ERROR**

Ms. Babineaux appeals the judgment, asserting the following assignment of error: "The trial court erred when it found that Ms. Babineaux didn't submit any evidence that she was not in the course and scope of her employment at the time of her accident or that her accident did not arise out of her employment."

**STANDARD OF REVIEW**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. Accordingly, we must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Despite the legislative mandate favoring summary judgments found at La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

**DISCUSSION**

Pertinent to our review in this summary judgment case is whether the trial court erred in finding that there was no genuine issue of material fact and that PNK and Mr. Duplechin, as a matter of law, were entitled to tort immunity. PNK and Mr. Duplechin maintain that the injuries sustained by Ms. Babineaux occurred while she

was in the course and scope of her employment; therefore, Ms. Babineaux's exclusive remedy is derived from the Louisiana Workers' Compensation Act.

In support of their Motion for Summary Judgment, PNK and Mr. Duplechin offered into evidence Ms. Babineaux's Petition for Damages as well as excerpts from her deposition testimony. In their memorandum in support of their Motion for Summary Judgment, PNK and Mr. Duplechin asserted that, "at the time of the subject occurrence, Ms. Babineaux was reporting to work and crossing from the assigned employee parking area to the employee entrance at L'Auberge." PNK and Mr. Duplechin also offered this court's holding in *Francisco*[2] to support their contention that, because Ms. Babineaux regularly traversed the area in which she was struck by the limousine while en route to begin her shift, she faced a greater risk than the general population; therefore, Ms. Babineaux's accident arose out of her employment. However, *Francisco* is easily distinguishable from this case as it deals with a defect in the premises and not a parking lot case based upon negligence.

In opposition to the Motion for Summary Judgment, Ms. Babineaux offered her own affidavit as well as the affidavit of Kristy Olmsted. In her memorandum in opposition to the Motion for Summary Judgment, Ms. Babineaux contested many of the statements that PNK and Mr. Duplechin contend are "undisputed facts." For

---

[2] An accident "arises out of" employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in employment. *Mundy v. Department of Health and Human Resources*, 593 So.2d 346 (La.1992). The term "in the course of" brings into focus the time and place relationship between the risk and the employment. *Raybol v. Louisiana State University*, 520 So.2d 724 (La.1988). The two requirements cannot be considered in isolation from each other. A strong showing by the claimant with reference to the "arising out of" requirement may compensate for a relatively weak showing on the "in the course of" requirement, or vice versa. *Raybol*, at p. 726.

*Francisco*, 643 So.2d at 388.

4

example, Ms. Babineaux disputes the statement made by PNK and Mr. Duplechin that "the entrance to which [she] was walking when [PNK's] limousine hit her was 'the employee entrance.'" Ms. Babineaux alleges that this entrance "is open to the public and used by many non-employees." There is a question of fact as to whether or not Ms. Babineaux was exposed to a greater risk of harm than the general public.

Ms. Olmsted, a former coctail waitress at L'Auberge, declared in her affidavit that "L'Auberge cocktail waitresses were told to park in one of two parking areas: the garage or the outside parking lot." Ms. Olmsted also declared that "[t]he parking lot was a designated parking lot for employees but was not an employee-only parking lot. It was common for guests to park their vehicles in the parking lot and then walk across the parking lot toward the hotel and/or casino entrance . . . ." Ms. Olmsted also corroborated Ms. Babineaux's assertion that "[t]he parking lot was open to the public."

In her brief to this court, Ms. Babineaux contends that the trial court erred in finding that genuine issues of material fact do not exist as to whether she was engaged in the normal course and scope of her employment with L'Auberge at the time of her injury. We agree.

As declared by this court in *Squyres v. Our Lady of Lourdes Regional Medical Center*, 06-1517, p. 3 (La.App. 3 Cir. 4/4/07), 954 So.2d 897, 899-900:

> This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago*, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006 (citing *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La.7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id*.
>
> *Champagne v. Ward*, 03-3211, pp. 4-5 (La.App. 3 Cir. 1/19/05), 893 So.2d 773, 776-77.

5

The case of *Mundy v. Department of Health and Human Resources*, 593 So.2d 346 (La.1992), is pertinent to the instant case and involved a plaintiff who was physically attacked and injured in an elevator while stopped on the second floor before arriving at her work station on the eleventh floor. The supreme court examined whether the plaintiff had begun to perform her employment duties, whether the plaintiff had reached the place where she was under the supervision and control of her employer, whether the plaintiff had alternative routes to her work station, and whether the risk that gave rise to the plaintiff's injuries was greater for the plaintiff than for a non-employee. The *Mundy* court also examined the threshold doctrine stating:

> An exception, known as the threshold doctrine, has been recognized when an accident occurs at a place with an unusually hazardous travel risk which is immediately adjacent to, but not on, the employer's premises. The threshold doctrine generally involves a special risk, attributable to the location of the work premises, that is different from the risks to which the general traveling public is exposed or that is more aggravated in the area adjacent to the employer's premises than elsewhere. W. Malone & H. Johnson, supra, at § 169; see *Templet v. Intracoastal Truck Line, Inc.*, 255 La. 193, 230 So.2d 74 (1969) (compensation denied when the employee was injured in a collision while making a left turn in his vehicle from the highway onto his employer's premises, because the highway risk was not shown to be a peculiar and distinctive one encountered by the employee to a greater extent or frequency than by the general public, and the conditions of travel in the vicinity of the employee's premises were no more dangerous than those prevailing generally along the highway).
>
> The threshold doctrine is not applicable here. Even if the risk which gave rise to the injury could be considered as a defect hazardous to travelers immediately adjacent to the employer's premises, the risk was no more dangerous in the immediate vicinity of the employer's premises than elsewhere along her route of travel to work.
>
> Because the neutral nature of the risk from which the injury arose required a strong showing of "course of employment," and because the evidence relative to time, place and employment activity provided only a relatively weak showing of "course of employment," we conclude the

employer failed to meet its burden of proving entitlement to tort immunity.

*Id.* at 350-51. The supreme court concluded that the plaintiff was not in the course and scope of her employment at the time of her physical assault and injuries.

In light of *Mundy* and the affidavits of Ms. Babineaux and former employee, Ms. Olmsted, we conclude that genuine issues of material fact exist with regard to whether Ms. Babineaux had begun to perform her employment duties. Such issues also exist with regard to whether Ms. Babineaux had reached the place where she was under the supervision and control of her employer and whether Ms. Babineaux had alternative routes to her work station. Finally, considering the affidavits of Ms. Babineaux and Ms. Olmsted, there is a question of material fact as to whether the risk that gave rise to Ms. Babineaux's injuries was greater for her than that of a non-employee.

Therefore, we find that genuine issues of material fact remain and that the trial court erred in ruling that, as a matter of law, PNK and Mr. Duplechin are entitled to summary judgment. Accordingly, pursuant to our *de novo* review herein, we reverse the trial court's judgment granting summary judgment in favor of PNK and Mr. Duplechin.

**DECREE**

For the above reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Further, we assess all costs of this appeal against the Defendants/Appellees, PNK (Lake Charles), L.L.C. d/b/a L'Auberge du Lac Hotel and Casino and Ed Duplechin.

**REVERSED AND REMANDED.**

7