SUSAN M. CHEHARDY, Judge.
On appeal, the claimant challenges the workers’ compensation judge’s finding that his injuries did not occur in the course of his employment. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Ronald M. Ruiz, Jr. (hereinafter “Appellant”) was employed as a police sergeant by the New Orleans Police Department (“NOPD”).[1] In the beginning of December 2010, appellant was assigned to administrative duty with the NOPD Communications Division, which is located at the comer of City Park Avenue and Canal Boulevard. While he was assigned to the Communications Division, appellant carried his service revolver and police commission, but dressed in plain clothes and drove his personal vehicle.
On December 20, 2010, appellant, with his supervisor’s permission, drove to NOPD Headquarters at 715 South Broad Street in New Orleans to withdraw cash from his credit union. When appellant was leaving the credit union, he fell in the rear stairwell of NOPD Headquarters. As a result of his fall, he suffered injuries to his back, neck, head, and left leg.
His employer, the City of New Orleans, refused to pay workers’ compensation benefits. On January 10, 2011, appellant filed a disputed claim for compensation with the Office of Workers’ Compensation, seeking payment of wage benefits and medical bills. The City of New Orleans answered, denying that appellant was injured in the course and scope of his employment.
On December 21, 2011, trial commenced before a workers’ compensation judge, who took the matter under advisement. On January 20, 2012, the judge issued her ruling finding that appellant was not in the course and scope of his employment when he was injured. The judge specifically held, “In this case, the accident did not occur in the course of employment because Ruiz’s employment activities did not take *55 him to the credit union and he was not on the employer’s premise or his assigned work site at the time the accident occurred.” This appeal follows.
DISCUSSION
The Workers’ Compensation Act set up a court-administered system to aid injured workmen by relatively informal and flexible proceedings. Rhodes v. Lewis, 01-1989 (La.5/14/02); 817 So.2d 64. The provisions of the workers’ compensation law are to be interpreted liberally in favor of the worker in order to effectuate its purpose of relieving workers of the economic burden of work-connected injuries by diffusing the cost on channels of commerce. Coats v. AT & T, 95-2670 (La.10/25/96); 681 So.2d 1243. Nevertheless, despite such liberal construction, the worker bears the burden of proving personal injury by accident by a preponderance of the evidence. La. R.S. 23:1031; Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991).
The determinations by the workers’ compensation judge as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Bruno v. Harbert Int'l, Inc., 593 So.2d 357, 361 (La.1992). Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing and Sheet Metal, 96-2840 (La.7/1/97); 696 So.2d 551, 556.
Under the Workers’ Compensation Act, employers are responsible for compensation benefits to employees only when the injury results from an accident “arising out of and in the course of his employment.” La. R.S. 23:1031; O’Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00); 758 So.2d 124. The requirement that an employee’s injury occur “in the course of’ employment focuses on the time and place relationship between the injury and the employment. Weber v. State, 93-0062 (La.4/11/94); 635 So.2d 188. An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer’s premises or at other places where employment activities take the employee. Mundy v. Department of Health and Human Resources, 593 So.2d 346, 349 (La.1992). The requirement that an employee’s injury “arise out of’ the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment. Williams v. Regional Transit Authority, 546 So.2d 150, 161 (La.1989).
Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment, and thus, are not compensable under the Workers’ Compensation Act. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La.1975). This rule, often called the “going- and-coming rule,” is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home[2] until he resumes his work. Phipps v. Bruno Const., 00-0480 (La.App. 3 Cir. 11/2/00); 773 So.2d 826.
*56 In McLin v. Indus. Specialty Contractors, Inc., 02-1539 (La.7/2/08); 851 So.2d 1135, 1141, the Louisiana Supreme Court noted several jurisprudential exceptions to the “going-and-coming rule:”
(1) If the accident happened on the employer’s premises;
(2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer’s business or pursuant to his employer’s order;
(3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;
(4) If the employee was doing work for his employer under the circumstances where the employer’s consent could be fairly implied;
(5) If the employee was hurt while traveling to and from one work site to another;
(6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee (the “threshold doctrine”); and
(7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee. (Citations omitted).
In this case, appellant argues, as he did at trial, that he was within the course and scope of his employment because he had completed his errand to his employer’s other work site and was returning to work.
As noted above, the principal criteria for determining course of employment are time, place and employment activity. Weber, supra. An injury occurs in the course of employment when it is sustained by an employee actively engaged in the performance of his duties during work hours, either on the employer’s premises or at other places where employment activities take him. Mundy, supra. For a mission to qualify as a special mission and thus be considered as employment-related rather than personal, an employee is deemed to be in the course of employment when he is engaged in the direct performance of duties assigned (i.e., requested, directed, instructed or required) by his employer.
Here, appellant’s injuries were sustained in a slip and fall in the stairwell of NOPD Headquarters. NOPD Headquarters was not and had not ever been his assigned worksite. Appellant was on a personal errand with the express permission of his supervisor but he was not requested, directed, instructed or required by his employer to travel from the Communications Division to NOPD Headquarters. The errand was to withdraw money from his personal bank account, not employment related.
After trial, the workers’ compensation judge found that, at the time of his accident, appellant was neither actively engaged in the performance of work-related duties, nor at a place where his current employment activities took him. After a thorough review of the record, we find that the judge did not err in finding that appellant was not in the course of his employment with defendant, the City of New Orleans, when he sustained his injuries.
DECREE
For the reasons set forth above, the judgment of the workers’ compensation judge is AFFIRMED.

AFFIRMED

. On the date of the incident in question, appellant was domiciled in Jefferson Parish. Under La. R.S. 23:1310.4(A)(2) and 23:1310.5(A)(2), this Court has jurisdiction over this action. U.R.C.A. 3-1.1.

. An employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination. Orgeron ex rel. Orgeron v. McDonald, 93-1353 (La.7/5/94); 639 So.2d 224, 227.