HOLDRIDGE, J.
The plaintiff, Jackie Holden, appeals a summary judgment dismissing her tort claim against her employer, Mike's Catfish Inn, Inc., and its insurer, Massachusetts Bay Insurance Company. We affirm.
FACTS AND PROCEDURAL HISTORY
On July 14, 2015, Ms. Holden, an employee of Mike's Catfish Inn, was clocked in and working in the kitchen, when she was notified by another employee that her daughter called the restaurant and was waiting outside in the parking lot to see her. Mike's Catfish Inn permitted its employees to take breaks while on the time clock. Ms. Holden's daughter parked her car within feet of the back door of the restaurant. As Ms. Holden exited the back *590 door of the restaurant and proceeded toward her daughter's vehicle, she fell on a concrete slope adjacent to the restaurant door and injured herself. Ms. Holden reported the accident to her employer before leaving for the emergency room. Ms. Holden was admitted to the emergency room at Lallie Kemp Regional Medical Center and was diagnosed with a broken left kneecap. Ms. Holden was discharged from the emergency room that night, but was advised that she needed surgery. Approximately fifteen days later, Ms. Holden had surgery on her left kneecap at Cypress Pointe Hospital.
On July 8, 2016, Ms. Holden filed a petition for damages against defendants[1] alleging that her injuries were caused by the negligence of Mike's Catfish Inn in failing to remove the foreign substance on the step which caused her to fall. Defendants answered the petition denying all allegations and asserted that Ms. Holden was in the course and scope of her employment at the time of the accident and that her exclusive remedy was in accordance with the Louisiana's Workers' Compensation Act, La. R.S. 23:1032. On February 6, 2017, defendants filed a motion for summary judgment alleging that there remained no genuine issues of material fact and that they were entitled to judgment as a matter of law. Defendants submitted a statement of uncontested material facts which provided that Massachusetts Bay Insurance Company was the commercial general liability insurer for Mike's Catfish Inn at the time of Ms. Holden's accident and it did not provide workers compensation coverage. It further stated that Ms. Holden was paid workers' compensation benefits in a settlement in the amount of $10,000.00 as a result of the July 14, 2015 accident.
After a hearing on defendants' motion for summary judgment, the trial court found that the accident occurred during the course and scope of Ms. Holden's employment, stating in oral reasons "Mike's Catfish [Inn] is [not] individually liable ... that is what they have worker's comp[ensation] for." The trial court signed a judgment in accordance with its ruling on April 3, 2017, dismissing Ms. Holden's claims against defendants with prejudice. Ms. Holden appeals.
DISCUSSION
In her sole assignment of error, Ms. Holden argues that the trial court erred in granting defendants' motion for summary judgment because there remains a genuine issue of material fact as to whether she was in the course and scope of her employment when the accident occurred.
Summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Marcaurele v. City of Baton Rouge/Parish of East Baton Rouge, 16-0915 (La. App. 1 Cir. 2/17/17), 214 So.3d 968, 971, writ denied, 17-0464 (La. 5/1/17), 221 So.3d 72. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The initial burden of proof is on the mover. If the moving party will not bear the burden of proof at trial, the movant's burden on the motion does not require him to negate all essential elements *591 of the adverse party's claim, action, or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. If the nonmoving party fails to make this requisite showing, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. art. 966(D)(1).
Generally, when an employee seeks to recover from her employer for injuries suffered during the course and scope of employment, recovery is limited in accordance with the Louisiana Workers' Compensation Act, which provides for the employee's exclusive rights and remedies against the employer for such injury and provides immunity from civil liability in favor of an employer. La. R.S. 23:1032 ; see Cole v. State Department of Public Safety & Corrections, 01-2123 (La. 9/4/02), 825 So.2d 1134, 1138. Under the Louisiana Workers' Compensation Act, employers are responsible for compensation benefits to an employee when the employee's injury results from an accident "arising out of and in the course of his employment[.]" La. R.S. 23:1031(A).
Ms. Holden argues that she was not within the course and scope of her employment when her accident occurred, and she can proceed with her suit for damages against defendants. In support of her argument, Ms. Holden relies on Ruiz v. City of New Orleans, 12-405 (La. App. 5 Cir. 1/16/13), 109 So.3d 52, 54-55, which held that a police officer who fell in a stairwell at a different location from his own workplace, was not in the course and scope of his employment because he was not performing work-related duties and was not on his employer's premises at the time the accident occurred. Ms. Holden argues that like the police officer in Ruiz, she was not actively engaged in the performance of work related duties at the time of her accident and, thus, was not in the course and scope of her employment.
Defendants counter that Ruiz is distinguishable from the instant matter because Ms. Holden's accident occurred at her jobsite, unlike in Ruiz where the police officer's accident occurred "miles away from his jobsite at a different building performing a transaction at his credit union." Defendants further argue that Ruiz is distinguishable from the instant matter because of the timing of Ms. Holden's accident. Because Ms. Holden's accident occurred during a brief work break, while she was on the clock on her employer's premises, defendants argue that she was in the course and scope of her employment. In support of their argument, defendants cite Carradine v. Regis Corp., 10-529 (La. App. 3 Cir. 11/3/10), 52 So.3d 181, 187, which held that an employee's injury occurring during a permitted break period may be compensable when occurring on the employer's work premises and is generally regarded as occurring during the course of employment. See Dufrene v. Ins. Co. of State of Pennsylvania, 01-47 (La. App. 5 Cir. 5/30/01), 790 So.2d 660, 669, (employee who was injured when she tripped and fell on a handicap ramp as she exited a building on her morning break was injured in course and scope of her employment and on employer's premises during work hours, such that employer was entitled to tort immunity under workers' compensation law with respect to personal injury claim brought by employee).
For purposes of workers' compensation, the requirement that an employee's injury occur "in the course of" employment focuses on the time and place relationship between the injury and the *592 employment. Sharp v. United Fire & Indem. Co., 15-0976 (La. App. 1 Cir. 12/23/15), 185 So.3d 830, 833. The principal criteria for determining "course of employment" are time, place, and employment activity. Mundy v. Department of Health and Human Resources, 593 So.2d 346, 349 (La. 1992). An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of her duties during work hours, either on the employer's premises or at other places where employment activities take the employee. McLin v. Industrial Specialty Contractors, Inc., 02-1539 (La. 7/2/03), 851 So.2d 1135, 1140. The requirement that an employee's injury "arise out of" her employment relates to the character or origin of the injury suffered by the employee and whether the injury was incidental to the employment. Id.
The submitted testamentary evidence is sufficient to prove the ultimate issue of whether Ms. Holden was within the course and scope of her employment at the time of her accident. It is undisputed that at the time of Ms. Holden's accident she was employed by Mike's Catfish Inn, on her employer's premises, on the time clock, and on a work break. The fact that Ms. Holden walked outside on her employer's premises to see her daughter does not change the fact that she was still in the course and scope of her employment at the time of her accident. An employee who is getting paid, is on her employer's premises, and is on an approved work break is in the course and scope of her employment whether she is visiting with her daughter, getting a breath of fresh air, smoking a cigarette, or walking outside to drink a diet coke. All of the elements of course and scope of employment are met in the instant matter.
Moreover, it is undisputed that Ms. Holden made a claim for workers' compensation benefits arising out of her accident and was paid in a settlement the sum of $10,000.00. Considering these facts alone and the lack of evidence presented by Ms. Holden, we find that the trial court correctly determined that there are no genuine issues of material fact and that as a matter of law, Ms. Holden was in the course and scope of her employment when her accident occurred. Therefore, Ms. Holden's argument that the trial court erred in granting summary judgment to defendants has no merit.
CONCLUSION
The April 3, 2017 judgment, which granted the motion for summary judgment in favor of Mike's Catfish Inn, Inc. and Massachusetts Bay Insurance Company, and dismissed Jackie Holden's suit, with prejudice, is affirmed. Costs of this appeal are assessed to Jackie Holden.
AFFIRMED.

Ms. Holden's petition named Hanover Insurance as a defendant; however, the record reveals that Massachusetts Bay Insurance Company should have been named as a defendant.