FAITH MILLER, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, JEREMY STRAHIN, JR.

VERSUS

MORTEZA SHAMSNIA, REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY AND ABC INSURANCE COMPANY

C/W

ASHLEIGH HOLLOWAY

VERSUS

MORTEZA SHAMSNIA, REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY AND ABC INSURANCE COMPANY

NO. 24-CA-100 C/W
24-CA-101

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 756-172 C/W 760-066, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

December 23, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**AFFIRMED**

    **MEJ**
    **JGG**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
UNITED EDUCATORS INSURANCE RISK RETENTION GROUP, INC.
    George D. Fagan
    Karen E. Futch

COUNSEL FOR PLAINTIFF/APPELLEE,
FAITH MILLER, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD,
JEREMY STRAHIN, JR.
    Neal J. Favret

COUNSEL FOR PLAINTIFF/APPELLEE,
ASHLEIGH HOLLOWAY
    Dean J. Favret
    Angela C. Imbornone
    Seth H. Schaumburg
    Lauren A. Favret

**JOHNSON, J.**

Defendant/Appellant, United Educators Insurance, a Reciprocal Risk Retention Group (hereinafter referred to as "United"), appeals the partial summary judgment in favor of Plaintiffs/Appellees, Faith Miller,[1] individually and on behalf of her minor child, Jeremy Strahin, Jr., and Ashleigh Holloway, on the issue of vicarious liability and the denial of its summary judgment concerning an automobile accident rendered in the 24th Judicial District Court, Division "I".[2] For the following reasons, we affirm the trial court's partial summary judgment.

### FACTS AND PROCEDURAL HISTORY

The relevant facts pertaining to this appeal are as follows:

Plaintiffs filed petitions for damages[3] against Dr. Morteza Shamsnia and his insurer, Republic Fire and Casualty Insurance Company. The petitions alleged that, on April 19, 2015, Ms. Holloway was traveling northbound on the Lake Pontchartrain Causeway Bridge (hereinafter referred to as "the Causeway Bridge") in her 2005 Hyundai Elantra with Jeremy as a guest passenger. While driving, a tire on Ms. Holloway's vehicle had an unexpected blowout, requiring her to travel slowly in the right lane with the vehicle's emergency lights engaged. Plaintiffs further alleged that Dr. Shamsnia was also traveling northbound at an excessively high rate of speed on the Causeway Bridge in his 2006 GMC Sierra when he failed to see Ms. Holloway's vehicle and violently struck the rear of Ms. Holloway's vehicle. They asserted that Ms. Holloway's vehicle sustained substantial damage and the occupants of her vehicle were severely injured due to Dr. Shamsnia's acts of negligence.

The petitions were amended to add Tulane University School of Medicine/

---

[1] In recent pleadings, Faith Miller is now being referred to as Faith Faciane.

[2] This is a consolidated matter. Ms. Miller, individually and behalf of Jeremy, filed district court case number 756-172, *Miller v. Shamsnia, et al.*, and Ms. Holloway filed district court case number 760-066, *Holloway v. Shamsnia, et al.*

[3] Ms. Miller's petition was filed on December 10, 2015, and Ms. Holloway's petition was filed on April 19, 2016.

the Administrators of the Tulane Education Fund (hereinafter referred to as "Tulane") and its excess insurance policy insurer, United Educators Insurance Risk Retention Group, Inc. (hereinafter referred to as "United"), as defendants. The petitions alleged that Dr. Shamsnia was acting in the course and scope of his employment with Tulane at the time of the accident. Because Dr. Shamsnia was an employee of Tulane, Plaintiffs asserted that Tulane and United are legally responsible for the alleged fault and negligence of Dr. Shamsnia based on the doctrine of *respondeat superior*.

On January 27, 2023, United filed a motion for summary judgment, seeking a judgment declaring that Dr. Shamsnia was not acting within the course and scope of his employment with Tulane at the time of the accident. In its motion, United stated that Dr. Shamsnia visited a construction site of Advanced Neurodiagnostic Center (hereinafter referred to as "ANC"), in Metairie, Louisiana, and, after visiting the construction site, Dr. Shamsnia drove his 2006 GMC Sierra on the Causeway Bridge with his destination being Lakeview Hospital[4] in Covington, Louisiana to perform his duties as a physician[5] pursuant to Tulane's third-party agreement with the hospital. United argued that, pursuant to the going and coming rule, Plaintiffs cannot meet their burden of proving that Dr. Shamsnia's alleged tortious conduct was so closely connected to his employment duties with Tulane that the risk of harm was fairly attributable to Tulane. It contended that, on the date of the accident, Dr. Shamsnia was traveling to work in a privately-owned vehicle, and Tulane did not compensate Dr. Shamsnia for travel expenses or mileage; Tulane did not instruct, direct, prescribe, or dictate the manner in which Dr. Shamsnia traveled to Lakeview Hospital to carry out his duties as a physician;

---

[4] The record also refers to Lakeview Hospital as "Lakeview Regional Medical Center."

[5] Dr. Shamsnia was employed with Tulane as a Professor of Clinical Neurology. In coordination with other Tulane neurologists, Dr. Shamsnia had an on-call duty rotation schedule where he made personal visits to Lakeview Hospital to consult, examine, visit and treat patients at that facility.

and, Dr. Shamsnia was not performing any physician-related or medical activity associated with his employment and was not advancing any of Tulane's interests at the time of the accident. Alternatively, United argued that, if Dr. Shamsnia were found to be acting within the course and scope of his employment with Tulane, Plaintiffs cannot prove that Tulane could have prevented Dr. Shamsnia's alleged negligence concerning the accident and none of the exceptions to the going and coming rule were applicable. As such, United asserted that Tulane was not vicariously liable for Dr. Shamsnia's alleged negligent actions, and Plaintiffs had no right of recovery against United.

In opposition to United's motion for summary judgment, Plaintiffs asserted United was not entitled to summary judgment because there were remaining issues of material fact as to whether Dr. Shamsnia was within the course and scope of his employment with Tulane. They argued that the sole purpose for Dr. Shamsnia's travel across the Causeway Bridge the evening of the accident was to comply with Tulane's contractual obligations with Lakeview Hospital. They contended Dr. Shamsnia's visit to the ANC construction site was within the course and scope of his employment because Tulane had a contract with ANC, and his visit there placed his subsequent actions within one of the exceptions to the going and coming rule. Plaintiffs further contended that Dr. Shamsnia's drive to Lakeview Hospital could be seen as a "special mission" for Tulane, and Tulane provided travel reimbursements for doctors traveling to Lakeview Hospital, constituting another exception to the going and coming rule.

Plaintiffs filed a motion for summary judgment on the issue of vicarious liability. In their motion, Plaintiffs reiterated their argument that Dr. Shamsnia was in the course and scope of his employment at the time of the accident because he was traveling to a work site other than his usual place of employment at the direction of Tulane, and Tulane was vicariously liable for Dr. Shamsnia's

negligence. They alleged that two exceptions to the going and coming rule were applicable because: (1) Tulane offered reimbursement to Dr. Shamsnia for mileage on his personal vehicle when traveling to Lakeview Hospital, and (2) Dr. Shamsnia's use of his personal vehicle in traveling to Lakeview Hospital was incidental to or in the performance of his responsibility to Tulane.

Tulane[6] and United opposed Plaintiffs' motion for summary judgment, arguing that Tulane could not be held vicariously liable for Dr. Shamsnia's alleged negligent actions because Dr. Shamsnia was not acting within the course and scope of his employment at the time of the April 19, 2015 accident. They averred Tulane had no record of Dr. Shamsnia either requesting or actually receiving any mileage reimbursement from Tulane for any travel in 2015; Dr. Shamsnia had the right to decide when to visit Lakeview Hospital during his rotation there; Dr. Shamsnia's travel to Lakeview Hospital was an ordinary part of his job, not a special mission; and, Dr. Shamsnia's act of driving to Lakeview Hospital did not benefit Tulane.

A hearing on the motions for summary judgment was held on November 2, 2023. At the conclusion of the hearing, the trial court denied United's motion for summary judgment and granted Plaintiffs' motion for summary judgment, citing the remote workplace and the reimbursement exceptions to the going and coming rule as its bases. The trial court rendered a written judgment to the same effect on November 27, 2023. The judgment found that Dr. Shamsnia was in the course and scope of his employment with Tulane while he was operating his vehicle on the Causeway Bridge on April 19, 2015, and Tulane was vicariously liable under La. C.C. art. 2320 for the actions of Dr. Shamsnia to the extent he is found to be negligent or at fault for causing or contributing to the April 19, 2015 accident.[7]

---

[6] Prior to the filing of the opposition brief, Plaintiffs entered into separate settlement agreements with Republic Fire and Casualty Insurance Company and Tulane. Dr. Shamsnia and Tulane were released from the lawsuits; however, Plaintiffs reserved the right to retain them as nominal parties for fault determinations. At this juncture, United is the only remaining defendant in Plaintiffs' actions.

[7] Pursuant to an August 8, 2024 order from this Court to amend the decretal language of the November 27, 2023 judgment, the trial court rendered an amended judgment on August 19, 2024.

Pursuant to La. C.C.P. art. 1915(B)(1), the trial court expressly found no just reason for delaying the entry of a partial final judgment regarding the vicarious liability of Tulane for the alleged negligence of Dr. Shamsnia and designated the judgment as a partial final judgment.[8] The instant appeal followed.

## LAW AND ANALYSIS

In its sole assignment of error, United alleges the trial court erred by granting Plaintiffs' motion for summary judgment and denying United's motion for summary judgment on the issue of Tulane's alleged vicarious liability for Dr. Shamsnia's accident. It argues that Dr. Shamsnia was not acting within the course and scope of his employment with Tulane when he was involved in the accident, either as a Professor of Neurology or a Consulting Neurologist. It contends Dr. Shamsnia was driving his personally owned vehicle to perform routine neurological consulting services at Lakeview Hospital on the last day of his weeklong rotation; and while Dr. Shamsnia had to use a vehicle to travel to the hospital, Tulane did not hire him for driving services or compensate for such travel.

United further argues that none of the exceptions to the going and coming rule apply in this instance because: (1) prior to the time of the accident, neither Tulane nor Lakeview Hospital summoned or ordered Dr. Shamsnia to immediately travel to the hospital in Covington to work; (2) Dr. Shamsnia's prefatory stopover to check on the status of construction at a medical building owned by his wife in Metairie had nothing to do with his work as a Professor of Clinical Neurology or as a Neurological Consultant for Tulane; (3) Dr. Shamsnia was not doing any work as a Neurological Consultant for Tulane at the time the accident occurred; (4) Dr. Shamsnia did not request or receive any reimbursement from Tulane for his travel

---

[8] After review, we find the trial court properly designated the judgment as a partial final judgment with no just reason for delay.

to or from Lakeview Hospital; and (5) Tulane's salary or other payments to Dr. Shamsnia were not intended to and did not compensate him for driving to or from Lakeview Hospital or any other location where he performed any work for Tulane. Thus, United asserts that Dr. Shamsnia was outside of the course and scope of his employment, and Tulane should not be held vicariously liable for Dr. Shamsnia's alleged negligence against Plaintiffs.

Plaintiffs argue the trial court properly determined that Tulane could be held vicariously liable for Dr. Shamsnia's negligent actions. They maintain the going and coming rule is inapplicable in this matter because Dr. Shamsnia was not going to his usual place of work but instead was traveling to a remote location, Covington, at the time of the accident; and, the sole reason for his trip across the Causeway Bridge that night was to fulfill Tulane's contractual obligations to a third party at the third-party's premises—Lakeview Hospital. In the alternative, Plaintiffs aver that, even if the going and coming rule were applicable, Dr. Shamsnia was in the course and scope of his employment with Tulane at the time of the accident because: (1) Tulane's travel policy made reimbursement available to Dr. Shamsnia for mileage on his personal vehicle, thus making him eligible for travel reimbursement, and (2) Dr. Shamsnia's use of his personal vehicle in traveling to Lakeview Hospital was incidental to or in the performance of his responsibility to Tulane.

A court shall grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue regarding material facts and that the mover is entitled to judgment as a matter of law. *Gibson v. Jefferson Par. Hosp. Serv. Dist. No. 2*, 23-538 (La. App. 5 Cir. 5/29/24), 389 So.3d 977, 980, citing La. C.C.P. art. 966(A)(3). The mover's burden on the motion is to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, if

the mover does not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment. *Id.*, citing La. C.C.P. art. 966(D)(1). The adverse party then has to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* Appellate courts review summary judgments *de novo*, using the same criteria the trial court applies to determine whether summary judgment is appropriate. *Id.* The court must decide a motion for summary judgment referencing the substantive law that applies to the case. *Id.* In this matter, the question before us is whether Tulane can be held vicariously liable for Dr. Shamsnia's alleged negligent actions on the night of April 19, 2015.

An employer is answerable for the damage occasioned by his servant in the exercise of the functions in which the servant is employed. La. C.C. art. 2320. For an employer to be held vicariously liable for the actions of an employer under La. C.C. art. 2320, the plaintiff must show that: (1) an employer-employee relationship existed between the tortfeasor and the employer, and (2) the negligent act of the tortfeasor was committed within the course and scope of his employment with the employer. *Koehl v. RLI Ins. Co.*, 21-68 (La. App. 5 Cir. 5/12/21), 325 So.3d 1110, 1113. An employer is responsible for the negligent acts of its employee when the conduct is so closely connected in time, place, and causation to his employment duties that it constitutes a risk of harm attributable to the employer's business. *Orgeron v. McDonald*, 93-1353 (La. 7/5/94), 639 So.2d 224, 227.

Generally, an employee going to and coming from work is not in the course and scope of employment. *White v. Canonge*, 01-1227 (La. App. 5 Cir. 3/26/02), 811 So.2d 1286, 1289. This rule, often called "the going and coming rule," is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. *McLin v. Indus. Specialty Contractors, Inc.*, 02-1539 (La. 7/2/03), 851 So.2d 1135,

1140, citing *Phipps v. Bruno Const.*, 00-480 (La. App. 3 Cir. 11/2/00), 773 So.2d 826. The going and coming rule is, however, subject to various exceptions, including situations where an employer has involved himself in the transportation of the employee as an incident to the employment agreement, either through furnishing a vehicle or payment of expenses, or where wages are paid for time spent in traveling. *Dean v. Southmark Const.*, 03-1051 (La. 7/6/04) 879 So.2d 112, 117, citing *Scott v. Smith*, 714 So.2d 7, 11 (La. App. 2d Cir. 1998). When an employer pays expenses and the trip in question is employment related, an employee is in the course and scope of employment while away from his work place. *Michaleski v. W. Preferrred Cas. Co.*, 472 So.2d 18, 21 (La. 1985); *Black v. Johnson*, 48,779 (La. App. 2 Cir. 4/9/14), 137 So.3d 170, 175, *writ denied*, 14-993 (La. 9/12/14), 148 So.3d 574.

In the matter at bar, there is no dispute that there was an employer-employee relationship between Tulane and Dr. Shamsnia at the time of the accident. Dr. Ragan Gankendorff, the Executive Director in the Center for Clinical Neurosciences at Tulane, verified Dr. Shamsnia's employment with Tulane, which included clinical duties, such as examining, visiting, treating, and consulting with patients at Lakeview Hospital, on a rotating basis. Dr. Shamsnia was on a weeklong rotation at Lakeview Hospital from April 13, 2015 through April 20, 2015, and he was required to visit the hospital on April 19, 2015 to ensure continuity of care. In his deposition, Dr. Shamsnia affirmed that the reason for his travel on the Causeway Bridge on the night of April 19, 2015 was to complete the duties of his on-call rotation at Lakeview Hospital. Thus, there is no factual dispute that Dr. Shamsnia was traveling in his personal vehicle to Lakeview Hospital to fulfill his duties as a Consulting Neurologist on behalf of Tulane. Because Dr. Shamsnia was traveling to a work location, the employment relationship between him and Tulane was suspended, pursuant to the general going

and coming rule, while he traveled to Lakeview Hospital. *See*, *McLin*, *supra*. However, we find that an exception to the going and coming rule applies in this matter.

In her deposition testimony, Dr. Gankendorff stated that the physicians working under the third-party contract with Lakeview Hospital were compensated through reimbursement of mileage for use of their personal vehicles. The physicians would be paid the Internal Revenue Service's rates for mileage. Thus, Tulane involved itself in Dr. Shamsnia's transportation to Lakeview Hospital as an incident to the employment agreement. It is undisputed that Dr. Shamsnia neither requested travel reimbursement nor was he paid travel reimbursement for the night of April 19, 2015. Although Dr. Shamsnia did not request reimbursement for his mileage, he was *eligible* to receive compensation from Tulane for his travel to the hospital on that particular night. Therefore, we find that, under the particular facts of this case, the exception to the going and coming rule applies because Tulane offered payment of Dr. Shamsnia's expenses through travel reimbursement. We further find that Dr. Shamsnia was acting within the course and scope of his employment while traveling to Lakeview Hospital on the night the accident because Tulane had a policy for providing travel reimbursement to physicians commuting to Lakeview Hospital, and his trip to the hospital was employment related.[9] *See*, *Michaleski*, *supra*. Accordingly, after *de novo* review, and considering the unique facts of this case, we find that Plaintiffs are entitled to summary judgment on the issue of vicarious liability of Tulane for the actions of Dr. Shamsnia, in the event he is found to be negligent or at fault for causing or

---

[9] Despite Plaintiffs' assertion that Dr. Shamsnia was on a "special mission" for Tulane on the night of the accident, we do not find that particular exception to the going and coming rule applicable to this matter. For a mission to qualify as a special mission and be considered as employment-related rather than personal, an employee is deemed to be in the course of employment when he is engaged in the direct performance of duties assigned (*i.e.*, requested, directed, instructed, or required) by his employer. *Ruiz v. City of New Orleans*, 12-405 (La. App. 5 Cir. 1/16/13), 109 So.3d 52, 56. There are no undisputed facts in the record showing that Dr. Shamsnia was engaged in any driving directives from Tulane at the time of the accident.

contributing to the April 19, 2015 accident.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment that denied United's motion for summary judgment and granted Plaintiffs' motion for summary judgment on the issue of vicarious liability. United is assessed the costs of this appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 23, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-CA-100
### C/W 24-CA-101

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
GEORGE D. FAGAN (APPELLANT)        NEAL J. FAVRET (APPELLEE)        RENE S. PAYSSE, JR. (APPELLEE)

**MAILED**
KAREN E. FUTCH (APPELLEE)
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 1700
NEW ORLEANS, LA 70163

ANGELA C. IMBORNONE (APPELLEE)
DEAN J. FAVRET (APPELLEE)
LAUREN A. FAVRET (APPELLEE)
SETH H. SCHAUMBURG (APPELLEE)
ATTORNEYS AT LAW
1515 POYDRAS STREET
SUITE 1400
NEW ORLEANS, LA 70112

ALAN J. YACOUBIAN (APPELLEE)
DONALD R. KLOTZ, JR. (APPELLEE)
ATTORNEYS AT LAW
701 POYDRAS STREET
SUITE 4700
NEW ORLEANS, LA 70139